[No. 13564.  In Bank. — July 30, 1890.]

SOLOMON COHN, RESPONDENT, v. REBECCA COHN, APPELLANT.

DIVORCE — EXTREME CRUELTY — INSANITY OF WIFE — DEFAULT — SETTING ASIDE DECREE. — Where it appears that alleged acts of extreme cruelty on the part of a wife toward her husband were the result of a diseased mind, culminating in her insanity, and that she was insane at the date of service of summons upon her, and was judicially declared insane within one month after a decree of divorce was granted to the husband, upon her default, it is the duty of the court to set aside the decree upon motion of her guardian, and to allow an answer to the complaint to be filed, and it is error to refuse the motion.

APPEAL from a judgment of the Superior Court of Ventura County, and from an order denying a motion to set aside a default, and refusing to allow an answer to the complaint.

The facts are stated in the opinion.

*Barnes & Selby,* and *Joseph Rothschild,* for Appellant.

*Blackstock & Shepherd,* for Respondent.

FOOTE, C. — This is an action for divorce brought by a husband against a wife, on the ground, among others, of acts of "inhuman cruelty."

The defendant was served with process, and failing to answer, a default was entered against her and a decree of divorce based thereon.

About a month after this she was judicially declared insane, and shortly thereafter placed in an insane asylum. Her guardian appeared for her, while she was in said asylum, and moved to set aside the judgment thus entered.

It is plain that the acts of alleged cruelty were the result of a diseased mind on the part of the unfortunate woman, culminating in her insanity as above stated. We think she was also in the same condition at the date of the service of summons upon her.

This being the state of facts, it seems to us that under the rule in divorce cases laid down in *McBlain* v. *McBlain*, 77 Cal. 507, and *Wadsworth* v. *Wadsworth*, 81 Cal. 182, the court below should have set the judgment aside, both upon grounds of public policy and as an act of justice in relieving an unfortunate lunatic of the stigma of "inhuman cruelty" to her husband.

For these reasons, we advise that the judgment and order be reversed, with leave to file an answer on behalf of the defendant.

VANCLIEF, C., and GIBSON, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, with leave to file answer on behalf of the defendant.

Rehearing denied.