SOMMERVILLE, J.
Plaintiff alleges that he and the defendant were married December 5, 1914, and that on June 29,1915, the defendant left their common domicile without just cause or provocation; and he asks for a judgment of separation of bed and board on the ground of abandonment.
The wife answers that she did not abandon the plaintiff, but that on June 29, 1915, plaintiff ordered her to pack her suit case, and that he took her, without any request on her part, to her father’s house, and there left her, and, reconvening, she alleged that plaintiff had been guilty of excessive cruel treatment and outrages towards her on June 29, 1915, and on occasions previous thereto, and that he had been guilty of public defamation of her.
There was judgment in favor of the defendant wife, rejecting plaintiff’s demand for a separation on the ground of abandonment, and, further, in her favor for a separation from bed and board from him. Plaintiff has appealed.
The evidence is very convincing that the alleged abandonment by the wife was not voluntary on her part; and her departure from their house was forced on her by the husband. The judgment appealed from in that respect is affirmed.
[1] There is ample evidence in the record to sustain the reconventional demand of the wife when the testimony of witnesses with reference to outrages, cruelty, and public defamation by the husband upon the wife on occasions prior to the final separation, June 29, is considered. And this evidence must be considered in corroboration, substantiation, and aggravation of the cruel acts and false charges of unfaithfulness made by plaintiff against defendant on the day of separation when the parties were on the way to the house of the wife’s father, which was testified to by the wife alone. The court is constrained to accept the wife’s testimony as to what occurred on June 29 because she testified to the things which plaintiff did on that day which were similar in acts and words to those which were testified to by other witnesses as having ‘occurred on prior occasions, and, further, because plaintiff, while on the witness stand, did not deny any of the things testified to by the wife. The only thing he said was that he did not remember whether he had said or done those things or not.
It was cruel and outrageous in the extreme on the part of the husband to order his young wife of six months, who was then pregnant, to leave the matrimonial domicile'and to take her back to her father’s house and there leave her. It was further cruel and outra *113 geous treatment of him to have threatened her with telling her father of alleged acts of infidelity, which he appears to have admitted on the trial were purely imaginary on his part. It was also cruel and outrageous to charge her again, as he had formerly done, with acts of infidelity with certain persons, naming them. All of these things tended to make their living together insupportable.
[2] Plaintiff argues that he was not rational at the time that he made the charges against his wife, and he introduced the testimony of a physician to this effect, “I concluded he was insane at the time,” in the early part of June, 1915, when that physician saw him only one time. But that -same physician testified that a week later, when plaintiff called on him, the physician, at his office, he, the plaintiff, was entirely rational, although somewhat nervous. The trial judge appears to have been of the opinion that plaintiff was not insane at any time. The testimony showed him to have been exceedingly nervous, and that he was sick in the early part of June. But the doctor testified that he was rational a week later, and he went to work at his business, as overseer of a sugar plantation, on July 1, so that he was really not insane on the date of his last offenses to his wife, June 29, 1915.
We are relieved from passing upon the question suggested by counsel for plaintiff as to whether a husband can be held responsible for his acts and words while laboring under a spell of insanity.
[3] Counsel argues that plaintiff was insane “at least on the subject of his wife’s chastity,” but this particular insanity or form of insanity, is not sufficient to excuse him from his duties to his wife. The husband and wife owe to each other mutually fidelity, support, and assistance. Insane jealousy, without reason therefor, does not comport with the duties of a husband towards his wife.
The judgment appealed from is affirmed.