McIntosh *v.* McIntosh.*

(Division B. June 4, 1928.)

[117 So. 352. No. 27151.]

*Corpus Juris-Cyc. References: Divorce, 19CJ, p. 41, n. 41; p. 77, n. 20; p. 97, n. 27; Insanity as affecting divorce for cruelty, see annotation in 42 A. L. R. 1532; 9 R. C. L. 334; 7 R. C. L. Supp. 295.

*R. S. Tullos,* for appellant.

ETHRIDGE, P. J. This is an appeal from the chancery court of Smith county from a decree denying the appellant a divorce from appellee. The appellant and the appellee were married in Lauderdale county in November, 1907, and lived together as husband and wife until February, 1927, when the appellant filed his bill for a divorce, alleging that at the time of his marriage the appellee was insane, and that said fact was unknown to him. He also alleged that the conduct of the appellee was cruel and inhuman, and that he was entitled to a divorce upon that ground also.

The appellant, in testifying with reference to the insanity of the wife, said that he had only met her four times prior to their marriage, including the day of marriage; that the second time he saw her she was sick with typhoid fever, and he was only with her a few minutes; the third time he saw her for a brief period; and the fourth time he married her, being with her only a short time prior to the marriage ceremony. He testified that he first knew of her insanity after the marriage, dis-

covering her mental condition shortly thereafter. Notwithstanding this discovery, he continued to live with her, and there were born to the couple four children.

Appellant further averred that he had committed her to the insane hospital seven or eight times, with the hope of curing her, but that she was incurable. He testified further that during the time she was out of the insane hospital, living with appellant, she was abusive, quarrelsome, dangerous, and inhuman to appellant, threatening him with a knife, and frequently sleeping with it under her pillow.

The first question for decision is whether, under the facts stated, appellant is entitled at this late day to a divorce on account of the insane condition of the appellee existing at the time of the marriage.

We think that it was the duty of the appellant to have elected his course at once, or at least within a reasonable time after discovering the appellee's insanity; and, inasmuch as he did not elect to divorce his wife promptly on discovering her mental condition, he elected to treat the marriage as valid, and it was, in fact, valid under our statute, section 1479, Hemingway's Code of 1927, section 1669 of the Code of 1906, the eighth paragraph of which recites that—''Divorces from the bonds of matrimony may be decreed to the injured party for . . . insanity or idiocy at the time of the marriage, if the party complaining did not know of such infirmity.''

In *Smith* v. *Smith*, 47 Miss. 211, the court held that the effect of this statute was to change the common law, under which the marriage was void for want of consent, to a binding marriage, in case the party knew of the disability. It was there held that—''Occasional spells of insanity before marriage and ultimate permanent insanity several years afterwards, together with evidence of hereditary taint in the family of the defendant, do not warrant a divorce.''

The law will not permit the complainant, appellant here, after discovering insanity, to go ahead and treat the marriage as binding so long as suited his interest or convenience, and then to repudiate it when he ceases to be satisfied with the relation. The law requires the party injured, under such circumstances, promptly to elect whether he will abide by the relation, or whether he will disavow and dissolve it, or obtain a divorce.

The complainant, as above stated, in effect elected to treat the marriage as valid, and four children were born thereunder subsequent to his discovery of such insanity. It would be a great wrong to permit such a course of conduct, to the injury of the wife and children. We are not concerned with the wisdom of the law. It may be a hardship upon the appellant to be forced to continue a relation which, because of permanent insanity, defeats the end of the marriage relation; but the law is fixed, and the appellant has failed to make out his case upon that ground.

He must also fail upon the second ground, for it is settled in this state that an act of cruelty committed during the insanity of the party committing the act is not cruelty within the meaning of the statute allowing divorce for cruel and inhuman treatment, because the mind of the person perpetrating such act is incapable of willful or deliberate conduct, and it takes such conduct to make cruelty ground for divorce. *Walker* v. *Walker,* 140 Miss. 340, 105 So. 753, 42 A. L. R. 1525, and cases noted at page 1531.

In this opinion Division A of this court fully considered the question of the effect of insanity upon such acts, and, in a well-reasoned opinion, held that they were insufficient, if committed during insanity, to support a cause for divorce.

The court below having reached this conclusion, the judgment will be affirmed.

*Affirmed.*