BRAY E. WILKINS & another *vs.* CHARLOTTE T. WILKINS.

Middlesex.   April 5, 1949. — April 27, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Parent and Child.   Minor.   Guardian,* Of minor.   *Words,* "Unfit."

In determining whether parents are "unfit" to have custody of their child within the provisions of G. L. (Ter. Ed.) c. 201, § 5, the most important consideration is whether the welfare of the child would be served by custody in them or in a guardian.

A conclusion by a judge of probate that he was not "able to find" parents, who were petitioning for revocation of a decree appointing a third person guardian of their child with custody, "jointly unfit to have custody" within G. L. (Ter. Ed.) c. 201, § 5, was error where he found that the welfare of the child would be best served by leaving him in the custody of the guardian, that the petitioning mother was unfit, and that the father, although not unfit "considered apart from her," was regularly employed in a factory, was dominated by her and could hardly counteract her influence with the child; the proper conclusion was that the parents, jointly, taken as a couple, were "unfit" and the petition for revocation was ordered dismissed.

PETITION, filed in the Probate Court for the county of Middlesex on March 20, 1947.

The case was heard by *Poland*, J.

In this court the case was submitted on briefs.

*L. L. Green,* for the respondent.

*H. W. Radovsky & J. J. Harrington,* for the petitioners.

LUMMUS, J.   The petitioners, Bray E. Wilkins and his wife Angela Wilkins, are the parents of Joan M. Wilkins, who was born October 21, 1942. On March 2, 1944, Charlotte T. Wilkins, a sister of the child's father, was appointed guardian of the person and estate of the child after a hearing, "it further appearing that the father, who is in foreign military service of the United States, has assented thereto in writing, and that the mother is unfit to have the custody of said minor." The validity of the appointment of the guardian is not questioned.

On March 20, 1947, the present petitioners petitioned for the revocation of the decree of March 2, 1944, alleging that said Bray E. Wilkins has always been a fit person within the meaning of G. L. (Ter. Ed.) c. 201, § 5, and that Angela Wilkins has now become such.   A guardian ad litem assented to the allowance of the petition for revocation.   On July 2, 1948, the judge revoked the decree of March 2, 1944, and reported the case.   G. L. (Ter. Ed.) c. 215, § 13.

By G. L. (Ter. Ed.) c. 201, § 5, the parents of a minor shall have the custody of his person and the care of his education, unless the court otherwise orders.   But the court may give the custody to the guardian, if the parents consent in writing, or after hearing if "it finds such parents, jointly . . . unfit to have such custody; or if it finds one of them unfit therefor and the other files in court his or her written consent to such order."   We assume in favor of the petitioners, without deciding, that the petitioners have a right to the revocation of the decree of guardianship unless the facts are such as would now warrant an original appointment with custody.   See *Harding* v. *Brown,* 227 Mass. 77.   In determining whether parents are unfit, the most important consideration is whether the welfare of the child would be served by custody in them or in a guardian.   *Stone* v. *Duffy,* 219 Mass. 178.   *Richards* v. *Forrest,* 278 Mass. 547, 553.   *Bottoms* v. *Carlz,* 310 Mass. 29, 33.

*Cassen* v. *Cassen,* 315 Mass. 35, 37. It has been said that "unfit" means "unsuitable, incompetent, or not adapted for a particular use or service." *Richards* v. *Forrest,* 278 Mass. 547, 552.

The findings of the judge may be summarized as follows. The guardian is a single woman about thirty-eight years old. She is a graduate nurse, of great poise and culture, a certified psychiatrist, familiar with children, strongly attached to the child, and devoted to her. The guardian gives the child good medical care and schooling, and plans to send her to private school and college, all at her own expense. The child loves the guardian and her family, and distrusts her parents. The visits of her parents have been infrequent, and have resulted in worrying the child, who lost weight and woke up at night with "screaming nightmares." The parents have no experience or aptitude in dealing with the child. If the child should be returned to them, the effect of the emotional shock upon her would probably injure her future. The welfare of the child would be served by leaving her where she is. The father works as a machine operator in the Firestone factory in Fall River. He contributes nothing to the support of the child. The care of the child would for the most part devolve upon the mother. The mother is unfit to have custody, as was shown in part by "her attitude and actions in court." She showed no affection for the child, even no recognition of her. Her motive in pressing the petition for revocation is primarily her bitterness toward the guardian. The father has a negative personality and is dominated by the mother. "Considered apart from her he cannot be found to be unfit, although he has not tried to keep contact with his child and has neglected her for a long time." The conclusion of the court below was as follows: "The court cannot find, within its view of the present condition of the law, that both parents are now unfit in the statutory sense. Not being able to find that the petitioners are jointly unfit to have custody, the court appears to be forced to subject the child's welfare to the demand of the parents."

The evidence is before us, and we may review conclusions of fact upon the evidence and the subsidiary facts found by the judge. It appears that the decision of the case below depended upon the view of the judge that he was unable to find the parents jointly unfit to have custody. We think that view erroneous. The mother he found to be unfit. The father was regularly employed in a factory, was dominated by his wife, and could hardly counteract her influence with the child. We think that the parents, jointly, taken as a couple, are unfit, within the meaning of the statute, and that the guardianship should continue. The case, in our opinion, is not governed by *Stinson* v. *Meegan,* 318 Mass. 459, and *S. C.* 319 Mass. 682.

> *Order for decree of July 2, 1948, revoking*
> *decree of March 2, 1944, reversed.*
> *Petition for revocation dismissed.*