RICHARD FRANCIS RICE *vs*. MARIE LOUISE RICE.

Middlesex.    February 9, 1955. — April 6, 1955.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Divorce*, Insane party, Cruel and abusive treatment, Revocation of decree. *Insane Person*. *Probate Court*, Revocation of decree.

Revocation of a decree of divorce granted to a husband against his insane wife after an ex parte hearing and without the appointment of a guardian ad litem for her under G. L. (Ter. Ed.) c. 208, § 15, was justified on the ground of fraud perpetrated on the court by the husband where it appeared that at the time of the hearing and decree nisi he knew of a history of mental abnormality on his wife's part and, if he did not know of her insanity, purposely kept from knowing of it in order to avoid informing the court of it, and that, although he knew of a letter sent by the libellee's mother to the court before the hearing requesting postponement thereof because the libellee had a meritorious defence, the letter was not brought to the attention of the court. [490]

A divorce on the ground of cruel and abusive treatment cannot be granted on the basis of acts done by the libellee while insane. [491]

LIBEL for divorce, filed in the Probate Court for the county of Middlesex on November 16, 1951.

A petition by the libellee for revocation of a decree of divorce was heard by *McMenimen*, J.

*John C. Collins*, for Richard Francis Rice.

*Kevin E. Costello*, for Marie Louise Rice.

LUMMUS, J. The parties were married in this Commonwealth on October 8, 1950. They have no children. On November 16, 1951, the husband filed a libel for divorce, alleging cruel and abusive treatment. The wife was personally served, but did not appear or answer. The case was heard ex parte on February 29, 1952, and the husband was granted a decree nisi.

On December 22, 1953, the wife prayed that the decree nisi be revoked, because she was insane when the case was heard and the decree nisi granted, and the judge found such

to be the facts.  She was then confined in the Medfield State Hospital, and on May 2, 1952, she was adjudicated insane with the assent of the husband and a guardian was appointed for her.  The judge found that the husband knew of her long history of mental abnormality.  The wife's mother, before the case was heard, sent a letter to the register of probate, asking that the hearing be postponed as the wife had a meritorious defence.  The letter was not brought to the attention of the judge, although the husband knew of it.  No guardian ad litem for the wife was appointed, as required for an insane libellee by G. L. (Ter. Ed.) c. 208, § 15. The judge revoked the decree nisi on April 13, 1954, and the husband appealed.

The judge found that if the insanity of the wife was not known to the husband, the husband intentionally kept himself from knowing it to avoid informing the judge of it. His conduct was in substance a fraud on the court, and justified the vacating of the decree nisi.  *Goss* v. *Donnell,* 263 Mass. 521.  *Sullivan* v. *Sullivan,* 266 Mass. 228.  *Lovell* v. *Lovell,* 276 Mass. 10.  *Eldridge* v. *Eldridge,* 278 Mass. 309. *O'Sullivan* v. *Palmer,* 312 Mass. 240.  *Buckingham* v. *Alden,* 315 Mass. 383.  *Meyer* v. *Meyer,* 326 Mass. 491, 493.

In *Hartwell* v. *Hartwell,* 234 Mass. 250, at page 251, Rugg, C.J., said, "An act which if performed by a normal person would be ground for divorce affords no justification for dissolving the marriage bond if committed by an insane person."  It was held that the period during which a deserting spouse was insane could not be counted as part of the period of desertion required for divorce.  In accord is *Storrs* v. *Storrs,* 68 N. H. 118.  Likewise in *Broadstreet* v. *Broadstreet,* 7 Mass. 474, and *Kretz* v. *Kretz,* 3 Buch. 246, adultery while insane was held not to be a ground for divorce.  In *Sylvester* v. *Sylvester,* 330 Mass. 397, 401, it was said that to constitute cruel and abusive treatment acts must be shown which "were committed with a malicious intent and for the purpose of injuring the libellant."  The liability of an insane person for an assault presents a different question. *McGuire* v. *Almy,* 297 Mass. 323.

By the consensus of American authority a divorce cannot be granted on the ground of cruel and abusive treatment because of acts done by an insane person. *Cohn* v. *Cohn,* 85 Cal. 108. *Carlson* v. *Carlson,* 308 Ill. App. 675. *Wertz* v. *Wertz,* 43 Iowa, 534. *Tiffany* v. *Tiffany,* 84 Iowa, 122. *Bosveld* v. *Bosveld,* 232 Iowa, 1199. *Powell* v. *Powell,* 18 Kans. 371. *Hadley* v. *Hadley,* 144 Maine, 127. *Gardner* v. *Gardner,* 239 Mich. 306. *Kunz* v. *Kunz,* 171 Minn. 258. *McIntosh* v. *McIntosh,* 151 Miss. 78. *Dunn* v. *Dunn,* 240 Mo. App. 87. *Heim* v. *Heim,* 35 Ohio App. 408. *Castner* v. *Castner,* 159 Pa. Super. Ct. 387. *Camire* v. *Camire,* 43 R. I. 489. Note, 19 A. L. R. (2d) 144. We think that the law of Massachusetts accords with that consensus of American authority.

In England the law appears to be that a divorce may be granted for cruelty against a spouse whose insanity would not exonerate him from criminal responsibility for battery. *White* v. *White,* [1950] P. 39, 19 A. L. R. (2d) 130. *Astle* v. *Astle,* [1939] P. 415. *Brittle* v. *Brittle,* [1947] 2 All E. R. 383.

The defence of insanity, which the wife might have presented, was in our opinion "meritorious or substantial," within the language of Rugg, C.J., in *Lovell* v. *Lovell,* 276 Mass. 10, 11. See also *Zani* v. *Zani,* 325 Mass. 134. If the insanity of the wife had been known to the judge, under our law no divorce could have been granted.

*Decree revoking decree*
*of divorce affirmed.*