JAMES FRANCIS COSGROVE *vs.* PATRICIA ANN COSGROVE.

Middlesex.    May 3, 1966. — June 7, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Divorce,* Cruel and abusive treatment.

The record of a divorce proceeding culminating in a decree granting to
the husband a divorce for cruel and abusive treatment did not compel
the conclusion that the wife was insane at the time of such treatment
and did not afford a basis for disturbing the decree where, although the
judge of the Probate Court found that the wife "was suffering from a
long history of mental illness resulting in a schizophrenic reaction with
suicidal tendencies," he also found that "there were times when she
acted as a normal person would" and there were no findings that she
was ever insane or that she was ever in such condition that she could
not appreciate the nature and consequences of her acts.

LIBEL for divorce filed in the Probate Court for the
county of Middlesex on February 14, 1964.

The case was heard by *Sullivan, J.*

*Allan Roy Kingston* for the libellee.

No argument or brief for the libellant.

SPALDING, J.   On February 14, 1964, the husband filed a
libel for divorce alleging cruel and abusive treatment.   In
her answer, the wife by way of recrimination alleged cruel
and abusive treatment on the part of the husband.   Subse-
quently the husband was permitted to amend his libel by
alleging that the wife was incompetent by reason of mental
illness and by asking that the court appoint for her a guard-
ian ad litem during the pendency of the libel.   See G. L.
c. 208, § 15.   An attorney was appointed guardian ad litem
for the wife and, after interviewing the parties and investi-
gating the mental condition of the libellee, he made a report
to the court pursuant to G. L. c. 208, § 16.   See *Hillson* v.
*Hillson,* 263 Mass. 143.

Prior to the hearing the court ordered the wife to be
examined at the State Department of Mental Health.   Dr.

Myer Asekoff, a psychiatrist, made an examination, the results of which were incorporated in a report and transmitted to the court.

The judge made a report of the material facts, the pertinent portions of which are as follows: The parties were married in 1951 and three children were born of this marriage. The incidents which the judge found constituted cruel and abusive treatment cover a period from early 1963 through February, 1964, and include the following. The wife once refused to leave the house of friends and had to be carried out; she threatened the husband once with a knife; on another occasion she slashed him with a razor; she struck him on several occasions; and on still another occasion she knocked down the Christmas tree and smashed it in front of their children. Some of these acts were brought on by the excessive use of liquor and drugs. The husband left his wife in February of 1964.

Regarding the wife's mental condition, the judge found that since 1956 she has had "depressive episodes," has often threatened suicide and has been under psychiatric treatment. In 1961 she tried to commit suicide by setting fire to herself. In 1962 she received shock treatments while under the care of a psychiatrist, but this "failed to improve her suicidal tendencies." In June, 1963, she was admitted to the Metropolitan State Hospital and given shock treatments. She was thereafter treated on an out-patient basis but did not improve "except for periods when she did act normal." The judge concluded, on the basis of Dr. Asekoff's report, that the wife "was suffering from a long history of mental illness resulting in a schizophrenic reaction with suicidal tendencies." He added that "there were times when she acted as a normal person would." A decree nisi was entered granting a divorce to the husband on the ground of the wife's cruel and abusive treatment. The husband was awarded custody of the three minor children, subject to the right of the wife to see them at reasonable times. The wife appealed. The evidence is not reported.

Where a case comes here solely on a report of material

facts the question is whether the findings of the judge "should in law require a decree different from that which was entered in the . . . [court below]." *Brown* v. *Brown,* 323 Mass. 332, 333. The wife argues that after finding that she had suffered from a long period of mental illness, the judge should have concluded that she was not responsible for the abusive acts by reason of insanity. "By the consensus of American authority a divorce cannot be granted on the ground of cruel and abusive treatment because of acts done by an insane person." *Rice* v. *Rice,* 332 Mass. 489, 491, and cases there collected. And, as we said in that case, "We think that the law of Massachusetts accords with that consensus of American authority." P. 491.[1] Thus, if the judge had found the wife to be insane at the time the alleged acts took place, he could not have granted the divorce. As it was, however, he concluded only that there had been a long period of mental illness and made no findings either to the effect that the wife was ever insane, or that she was ever in such condition that she could not appreciate the nature and consequences of her acts. See *Broadstreet* v. *Broadstreet,* 7 Mass. 474; *Hartwell* v. *Hartwell,* 234 Mass. 250. It is recognized in many jurisdictions that not every type or degree of mental illness constitutes the kind of insanity which may be a defence to an action of this nature. See *Dochelli* v. *Dochelli,* 125 Conn. 468; *Champagne* v. *Duplantis,* 147 La. 110; *Hadley* v. *Hadley,* 144 Maine, 127; *Bryce* v. *Bryce,* 229 Md. 16; *Jaikins* v. *Jaikins,* 370 Mich. 488, 492; *Longbotham* v. *Longbotham,* 119 Minn. 139; *Silverness* v. *Silverness,* 270 Minn. 564, 569; *Anderson* v. *Anderson,* 89 Neb. 570, 574; *Moody* v. *Moody,* 253 N. C. 752; *Nelson* v. *Nelson,* 108 Ohio App. 365, 370; *Ford* v. *Ford,* 200 Va. 674; *Cahill* v. *Cahill,* 26 Wis. 2d 173; Annotation, 19 A. L. R. 2d 144, 151–155; 24 Am. Jur. 2d, Divorce and Separation, § 239. In some of these cases the

---

[1] It was observed in the *Rice* case that, "In England the law appears to be that a divorce may be granted for cruelty against a spouse whose insanity would not exonerate him from criminal responsibility for battery. *White* v. *White,* [1950] P. 39, 19 A. L. R. (2d) 130. *Astle* v. *Astle,* [1939] P. 415. *Brittle* v. *Brittle,* [1947] 2 All E. R. 383."

insanity test of the criminal law has been applied; in others the test is less restrictive. But in virtually all of them the underlying principle seems to be that the defence of insanity will not prevail if the offending spouse was capable of understanding the nature and consequences of his acts.

We are of opinion that the record before us does not compel the conclusion that the wife was insane and as a result unable to appreciate the nature of her alleged acts or to restrain herself from committing them. See *Hadley* v. *Hadley,* 144 Maine, 127. Thus there is no basis upon which we may vacate the judge's decree. ''Whether a person is insane at a given time is mainly a question of fact 'upon which courts have been increasingly unwilling to lay down sweeping rules.' '' *Woodworth* v. *Woodworth,* 273 Mass. 402, 408. We might add that the wisdom of the rule which permits a court to distinguish in this context between various kinds of mental illness and the sort of insanity which compels us not to hold a person responsible for his acts is here revealed by the peculiar nature of the wife's illness. The report of Dr. Borrell, which was before the judge prior to his entry of the decree and which apparently describes her condition in the period following her separation from husband and family, concludes that the wife ''has been in a satisfactory condition, and medication was discontinued eight months ago.'' It continues, ''At the present time . . . [she] maintains a stable condition and is working as a stenographer.'' The judge might very well have concluded from this and from the other reports that the pressures of caring for a husband and three children were beyond the wife's capacity and that this, rather than insanity, caused her to behave toward her husband as she did.

*Decree affirmed.*