ROBERT KAUCH & others, petitioners.

Plymouth.   October 7, 1970. — December 8, 1970.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Guardian,* Of minor.   *Parent and Child.   Words,* "Unfit."

Under G. L. c. 201, § 5, a parent is not to be deprived of the custody of
  his child by a Probate Court in the absence of a finding that the
  parent is "unfit to have such custody."  [330]
In proceedings in a Probate Court of Massachusetts for custody of two
  children, one by their father, living with his widowed mother in
  Virginia, and the other by the children's maternal aunt, a resident of
  Rhode Island, commenced nearly three years after the children's
  parents were divorced in Florida by a decree granting custody of the
  children to their mother, and after she had moved to Massachusetts
  and had died here, findings by the trial judge as matter of law did not
  support a decree awarding custody of the children to their maternal
  aunt, although the judge believed that it would be in the children's
  "best interest and welfare" to do so rather than to award custody to
  their father, who was found to be "a man of good character and with a
  sincere love and concern for" his children; and the decree awarding
  custody was reversed and a decree ordered entered granting custody
  of the children to their father.  [330–331]

THREE PETITIONS filed in the Probate Court for the county
of Plymouth, two on June 4, 1968, and one on July 11, 1968.

The cases were heard by *Lawton,* J.

*Stuart DeBard* for Robert Kauch.

*Walter J. Skinner* for Elizabeth Saunders Warren.

KIRK, J.   The case is before us on appeals of Robert
Kauch (the father) from a final decree in the Probate Court
which dismissed his petition for the guardianship and the
custody of his two minor children, Robert Kauch, Jr. and
Brian S. Kauch, and from that part of another final decree
which awarded custody of the children to Elizabeth Saunders
Warren, the sister of the father's deceased wife.   There is
no appeal from that part of the latter final decree which
appoints a Boston bank, also a petitioner, as the guardian

of the property of the minors, all parties having assented thereto.[1]

The judge filed a report of the material facts. The evidence is not reported. The facts found by the probate judge must be accepted as true. *Richards* v. *Forrest*, 278 Mass. 547, 551–552. The sole question is "whether the findings of the judge 'should in law require a decree different from that which was entered in the . . . [court below].'" *Cosgrove* v. *Cosgrove*, 351 Mass. 64, 66.

We summarize the facts. Robert Kauch, the father, was married to Mariellen Saunders on September 1, 1951. The boys, Robert, Jr. and Brian were born respectively in 1954 and 1958. The wife was an alcoholic. During the five or six years before the couple was separated in January, 1965, the wife rarely prepared meals. She had an independent income and received money from her parents. She was divorced from her husband in March, 1965, by decree of a Florida court, was granted custody of the boys and moved to Massachusetts where, because she was often inebriated, the boys received little attention, living in a house which to put it mildly "was untidy and unclean." Living with their mother the boys had to bear a burden that they might better have been spared. Mrs. Kauch died unexpectedly in May, 1968, leaving an estate then valued at $125,000.

The father, who has only a limited income, has since the separation, lived with his widowed mother in Virginia. He has faithfully made payments for the support of his children as ordered by the divorce decree. He sent gifts to the boys in March, 1965, saw them for two days in July, 1965, and sent gifts at Christmas. In 1966 he wrote to them and sent gifts on their birthdays in March, spent one week with them at Easter, spent two days in July and saw them for a visit at Christmas. In 1967 he wrote to them and sent gifts on their birthdays in March, saw them sometime in July and had them for three days during the Christmas holidays.

---

[1] The New England Merchants National Bank.

The judge concluded that the infrequency of contact which the father had with his sons during the three years they had lived with their mother "demonstrated a passiveness and lack of concern" for them "when they needed and could have used a more concerned and understanding father." He stated, nevertheless, that the father "is a man of good character and with a sincere love and concern for the boys . . . ."

The judge was lavish in his praise for the type of home life which the maternal aunt and her husband would afford to the boys at their residence in West Barrington, Rhode Island.

He found that the boys' personal needs would be more than adequately provided for out of the income from their mother's estate whether they lived with their maternal aunt in Rhode Island or with their father in Virginia. Although the boys expressed love for their father they preferred to make their home with the maternal aunt and her husband in Rhode Island. For these reasons and because the judge believed it to be "in their best interest and welfare," he awarded custody to the maternal aunt.

These findings as matter of law do not support the decree that was entered. On the contrary, the findings "'. . . in law require a decree different from that which was entered . . . .'" *Cosgrove* v. *Cosgrove*, 351 Mass. 64, 66. There must be a reversal.

Under G. L. c. 201, § 5, as amended through St. 1961, c. 171, the parents of a minor child are entitled to his custody, even though a guardian is appointed, unless the Probate Court finds the parents "unfit to have such custody." The burden of proving unfitness is upon those challenging the parents. *Hirshson* v. *Gormley*, 323 Mass. 504, 507. The word "unfit," in general, means "unsuitable, incompetent, or not adapted for a particular use or service." *Richards* v. *Forrest*, 278 Mass. 547, 552. Nearly all the relevant cases have considered the best interests of the child in determining whether the parents are unfit. *Stone* v. *Duffy*, 219 Mass. 178, 183. *Richards* v. *Forrest, supra,*

at 554. *Barry* v. *Sparks,* 306 Mass. 80, 84. *Cassen* v. *Cassen,* 315 Mass. 35, 37. *Stinson* v. *Meegan,* 319 Mass. 682, 684. *Wilkens* v. *Wilkens,* 324 Mass. 261, 262.

Special mention must be made of *Ridgeway* v. *Cels,* 350 Mass. 274. The probate judge had awarded custody of two minor children to their maternal grandmother following the death of the mother from whom the father had obtained a divorce. On appeal to this court with a report of material facts and a report of the evidence, the decree was reversed and custody was awarded to the father. The judge had made no finding that the father was unfit, and the opinion stated that on the evidence such a finding was not permissible.

Counsel for Mrs. Warren argues, however, that certain language in the *Cels* case, extraneous to the holding, works an alteration in the law.[2] To whatever extent the quoted language is susceptible of such an interpretation we disregard it. The settled law, founded on express legislative policy and uniformly adhered to by this court, is that a parent is not to be deprived of the custody of his child in the absence of a finding that he is unfit. See, e.g., *Richards* v. *Forrest,* 278 Mass. 547, 554.

In the case at bar there is no express finding of unfitness of the father by the probate judge. In fact, it is specifically found that the father "is a man of good character and with a sincere love and concern for the boys." The finding that the father demonstrated a "passiveness" and "lack of concern" for the boys while they lived with their mother does not render him unfit. Custody had been awarded to the mother by decree of a Florida court. Considerable difficulty probably would have attended any attempt to overturn that decree. We observe without ruling that given the barrier of the court decree and the geographical barrier of distance brought about by the removal of the boys to Massachusetts and the fact of the father's modest

---

[2] The language appears as part of a sentence on page 281 of the opinion and reads ". . . as he is not unfit to have custody the only issue is whether the best interests of the children require that he not have custody."

income the conclusion of "passiveness" or "lack of concern" is not easily reached.

Against the foregoing conclusions are to be weighed the facts that upon the death of the mother the father's common law right to the custody of the boys revived, *Barry* v. *Sparks,* 306 Mass. 80, 84, *Ridgeway* v. *Cels,* 350 Mass. 274, 281, that without delay the father petitioned the judge of the Probate Court for the county of Plymouth for their custody, and that upon the dismissal of his petition, the father brought his appeal to this court.

It follows from what we have said that the decree dismissing the father's petition must be reversed, the provision of the other decree awarding custody to the maternal aunt Elizabeth Saunders Warren must be reversed and that a decree must be entered granting custody of the children Robert Kauch, Jr. and Brian S. Kauch to the father, the petitioner Robert Kauch.

*So ordered.*