*Teresa Mary Salway,* pro se.

*Wilson D. Rogers, Jr.,* for St. Elizabeth's Hospital.

ANN A. MADDEN & another *vs.* WILLIAM C. MADDEN.   June 4, 1973. This is an appeal by William C. Madden (William) from a probate decree awarding counsel fees and expenses to appellee's (Ann) counsel in the amount of $16,000 on a petition relating to separate support. The separate support proceedings are related to prior proceedings in the case of *Madden* v. *Madden,* 359 Mass. 356. In his "Report of the Material Facts" the probate judge found in part as follows: "This was a very lengthy marital relations case, which extended over a period of 3½ years and presented many involved problems requiring painstaking study and research.   Counsel for both sides stipulated that the appellee's counsel spent 13 days on trial in this case and in addition performed 320 hours on related work. . . . I find that . . . Madden is a lifetime beneficiary of two trust funds worth almost $2,000,000. I find that the amount of $16,000 is fair and reasonable compensation for counsel fees in view of the time involved, the complex questions presented, the difficulty of the case, the uncertainty of, and the delay in, payment, the equities in the case and the ability to pay of . . . Madden."   The stipulation provided: "[i]t is further stipulated that counsel for the Appellee has received on account of legal services the sum of Two Thousand Five Hundred ($2,500.00) Dollars from the Appellee, Ann A. Madden, which was taken into account by the Probate Court when it made the award of $16,000."   William argues that the fee awarded is excessive, and the wife's lawyer was not retained by him and therefore his fees for services should not be on the basis of a voluntary arrangement between attorney and client. He urges further that in the circumstances the fee should be set by standards similar to those for compensating public officers such as masters and auditors.   Ann argues that although William did not initiate the instant suit he brought it about by abandoning her and

their three minor children; that he attempted to get a divorce by defrauding the Georgia courts with misrepresentations and wilful omissions of fact in his petition for divorce in that jurisdiction. A review of the entire record discloses no error. G. L. c. 209, § 33. G. L. c. 208, § 38. Nothing in *Hayden* v. *Hayden*, 326 Mass. 587, and *Sack* v. *Sack*, 328 Mass. 600, relied on by the appellant requires a different conclusion. On the contrary, in the circumstances of this case we agree that counsel for the appellee is fully entitled to the amount awarded by the Probate Court. The decree is affirmed. Costs and expenses are to be in the discretion of the Probate Court.

*So ordered.*

*Maurice M. Goldman* for William C. Madden.
*Daniel J. Fern* for Ann A. Madden.