RUTH M. MEZOFF *vs.* ALBERT R. MEZOFF. March 12, 1974. There was no error in the entry of a decree by a probate judge that the petitioner was living apart from the respondent for justifiable cause (cruel and abusive treatment) and an order that the respondent pay $300 as an allowance to the petitioner for counsel fees. Where, as here, there is a report of material facts but the evidence is not reported, the question is whether the decree was warranted on the facts found by the judge with any inferences we may draw therefrom. *Topor* v. *Topor,* 287 Mass. 473, 476 (1934). *Reed* v. *Reed,* 340 Mass. 321, 322 (1960). The judge found inter alia that the respondent chronically kept late hours without justification, that he called the petitioner a "dirty rotten slut" in the presence of their daughters, that he threw a small object at her, that he refused to talk to her about family matters, that he told her to move out and go live in a slum and that she subsequently did move out with the children. Conduct which justifies a wife's living apart from her husband may be a lesser marital offense than one required to warrant a divorce. *Anderson* v. *Anderson,* 354 Mass. 565, 568 (1968), and cases cited. See *Bailey* v. *Bailey,* 97 Mass. 373, 381 (1867); *Curtiss* v. *Curtiss,* 243 Mass. 51, 53 (1922); *Ober* v. *Ober,* 1 Mass. App. Ct. 32, 33 (1973). On the facts found by the judge a different decree was not required as a matter of law. *Miranda* v. *Miranda,* 350 Mass. 478, 481 (1966). Nor, on findings by him relative to the pecuniary resources of the parties, was

there a showing that the judge's order for an allowance was unreasonable. The decree and the order for allowance are affirmed. Costs of the appeal are to be awarded in the discretion of the Probate Court.

*So ordered.*

*Sumner Bauman* for the respondent.
*Manuel S. Taylor* for the petitioner.