FRANK HANO *vs.* TOBY SUE SHAPIRO HANO.

Hampden.    September 12, 1977. — October 14, 1977.

Present: HALE, C.J., ARMSTRONG, & BROWN, JJ.

*Divorce,* Cruel and abusive treatment, Insanity of libellee. *Insanity.*
*Husband and Wife,* Separate support.

In a divorce action, evidence concerning the defendant's mental illness
warranted the judge's refusal to find that the plaintiff was living
apart from the defendant for justifiable cause. [641]
In a divorce action in which the defendant prevailed and which in-
volved the preparation of a somewhat complicated insanity defense,
the probate judge's assessment of attorney's fees in the amount of
$15,000 against the plaintiff was reasonable. [641-642]

LIBEL for divorce filed in the Probate Court for the
county of Hampden on June 11, 1974.

The case was heard by *Smith,* J.

*S. Thomas Martinelli* for the plaintiff.

*Peter Roth* for the defendant.

HALE, C.J.    In this action the plaintiff sought to divorce
his wife on the ground of cruel and abusive treatment. As
part of her answer to the complaint the defendant alleged
among other things that if she had committed any acts
which amounted in law to cruel and abusive treatment dur-
ing the relevant period she was unable to comprehend the
nature or consequences of her acts and unable to control
her impulses to commit those acts due to her mental illness.
After a trial, judgment was entered denying a divorce. Cus-
tody of the couple's children was awarded to the plaintiff.
He was ordered to pay support to the defendant in the
amount of two thousand dollars a month. He was directed
to pay certain expenses which had been incurred by the
defendant, including her attorneys' fees in the amount of
$15,000 and expenses amounting to $619.06. The plaintiff

Hano *v.* Hano.

has appealed, specifically objecting to (1) the judge's refusal to find that the plaintiff was living apart from his wife for justifiable cause notwithstanding the denial of his complaint for divorce, and (2) the judge's order that the plaintiff pay $15,000 in fees to his wife's attorneys.

This case comes before us on a report of the evidence but without a report of material facts. The plaintiff did not make a request for such a report within the time specified by Mass.R.Dom.Rel.P. 52(a) (1975). In this posture all questions of law and fact, including those of discretion, are open for our determination, and the Probate Court judgment imports a finding of each fact essential to sustain it which is supported by the evidence. Such findings shall not be reversed unless clearly erroneous. *Manning* v. *Manning, post,* 695 (1977). Compare *Mead* v. *Mead,* 2 Mass. App. Ct. 338, 339 (1974).

The plaintiff and defendant were married in 1962. They have three children. After the birth of her third child the defendant began to exhibit increased manifestations of mental illness. The defendant had had some history of psychiatric difficulties while she attended college prior to her marriage. As a result of her illness, between 1970 and 1974, the defendant was admitted eleven times to various mental health facilities for periods ranging from several weeks to several months. At these institutions her treatment included electroshock therapy, medication and psychotherapy. During her intervals at home the defendant continued to receive medication and psychotherapy.

During this period the defendant attempted suicide on at least four occasions. These suicide attempts, as well as public belligerency and other inappropriate expressions of anger directed against the plaintiff, were claimed by the plaintiff to constitute cruel and abusive conduct by the defendant. The defendant's unsuccessful suicide attempt in April, 1973, eventually resulted in her permanent separation from the family residence at her husband's insistence. Since 1974 the defendant has not required hospitalization for her psychiatric problem but has continued to receive outpatient therapy.

1. In accordance with G. L. c. 208, § 20A, the Probate Court may declare that the plaintiff is living apart from the defendant for justifiable cause as a result of marital offenses which do not reach the magnitude of cruel and abusive treatment. *Mezoff* v. *Mezoff,* 2 Mass. App. Ct. 799 (1974). Nevertheless, to support a finding of justifiable cause for living apart the conduct complained of must be that of one who is legally responsible for his conduct. See generally *Burke* v. *Burke,* 270 Mass. 449, 454 (1930) ; *Bradford* v. *Bradford,* 296 Mass. 187, 189 (1936); *Cochrane* v. *Cochrane,* 303 Mass. 467, 470 (1939) ; *Anderson* v. *Anderson,* 354 Mass. 565, 568 (1968) ; *Mezoff* v. *Mezoff,* 2 Mass. App. Ct. at 799.

In this jurisdiction the insanity of a party has long been accepted as a defense to an action for divorce based upon conduct which was committed while under a mental disability. *Hartwell* v. *Hartwell,* 234 Mass. 250, 251 (1919). *Cosgrove* v. *Cosgrove,* 351 Mass. 64, 66 (1966). We hold that the defendant's mental condition is likewise significant in determining whether the defendant's conduct constitutes justifiable cause for the plaintiff's living apart. Given the evidence regarding the defendant's mental illness which was before the probate judge, it cannot be said that he was clearly in error in declining to find that the plaintiff was living apart from the defendant for justifiable cause.

2. The attorneys for the defendant submitted an itemized bill for services totalling $20,650, exclusive of costs. Under the authority of G. L. c. 208, § 38, the probate judge ordered the plaintiff to pay $15,000 to his wife's attorneys in satisfaction of their services rendered. The plaintiff has not challenged the defense attorneys' accounting of those services which they performed, nor does he argue that a reasonable counsel fee could not have been awarded. Rather, he argues that the award was excessive under the conservative principles which (he contends) should be employed in determining attorney compensation in this context. *Hayden* v. *Hayden,* 326 Mass. 587, 596 (1950). *Sack* v. *Sack,* 328 Mass. 600, 606 (1952).

On the record it was open to the judge to find, as we

conclude he did, that the proceedings were initiated by the husband and opposed by the wife; that the wife's attorneys were intermittently engaged in closely contested litigation which extended for over one year, and that their services included four days of trial, the taking of several depositions and the preparation of a somewhat complicated insanity defense. The defendant prevailed in the case. The probate judge's assessment of attorneys' fees was reasonable under the standards set out in S.J.C. Rule 3:22, DR 2-106(B), 359 Mass. 807-808 (1972). See also *Cummings* v. *National Shawmut Bank,* 284 Mass. 563, 569 (1933); *Madden* v. *Madden,* 363 Mass. 884 (1973); *Perkins* v. *Blake,* 3 Mass. App. Ct. 415, 418 (1975). We note that the plaintiff has the ability to pay the fee, as evidenced by his annual income in excess of $115,000 and his assets with a value close to $1,000,000. On the other hand, the defendant has comparatively little or no assets apart from the support award and has already expended $2,500 in payment of her former counsel's fees.

*Judgment affirmed.*