RALF HOEHN *vs.* LUISE B. HOEHN. April 8, 1981. In this action for divorce brought by the husband, the wife defended on the ground of mental illness. After trial the judge made written findings and rulings in which she correctly found that the acts of the defendant towards the plaintiff constituted cruel and abusive treatment and she properly determined the only issue to be whether, because of her mental illness, the defendant was unable to comprehend the nature and consequences of her actions. See *Cosgrove* v. *Cosgrove*, 351 Mass. 64, 66-67 (1966). As stated in *Cosgrove*, that issue is one of fact. *Id.* at 67. We read the judge's find-

ings as holding that while some of the acts were committed while the defendant was "out of control," others were committed while she was capable of understanding the nature of her acts and their consequences. With respect to the wife, the judge found that "[h]er ability to care for her own needs, drive a car and be out in the community, albeit on her religious endeavors with predictions of the dire events to happen to the world, indicates that during these relevant periods, bizarre as her conduct may be, that she was capable for periods of time of knowing what she was doing. When examined in 1976, she was well oriented as to time, place and persons. She was aware of the court actions and the temporary order removing her from the household."

The case is a close one, but one which was for the judge to decide. The question before us is not what we or some other judge might have done faced with the same facts, but whether the judge who heard the evidence was clearly in error in deciding as she did. See *Hano* v. *Hano*, 5 Mass. App. Ct. 639, 640 (1977). We hold that she was not.

The defendant contends that the judge erred in failing to appoint a guardian ad litem for her pursuant to G. L. c. 208, § 15. The docket entries in the record before us show that before trial a guardian ad litem was appointed pursuant to the provisions of G. L. c. 215, § 56A. That guardian ad litem was a qualified psychiatric social worker. She filed a report and testified at trial. Her report was thorough and complete as was her testimony. She did all that reasonably could have been done had she been appointed under G. L. c. 208, § 15. We regard the appointment under § 56A to have been sufficient and, in any event, can discern no harm which resulted to the defendant from it. Compare *Rice* v. *Rice*, 332 Mass. 489, 490-491 (1955). Indeed, the defendant in her brief makes no suggestion that she was in fact harmed.

*Judgment affirmed.*

*Arthur C. Sullivan, Jr.*, for the defendant.
*Lawrence C. Weisman* for the plaintiff.