ELIZABETH GAY MATTESON *vs*. THOMAS R. MATTESON. December 23, 1986. *Divorce and Separation,* Contempt, Attorney's fees.

The defendant, Thomas, formerly married to the plaintiff, Elizabeth, appeals from a judgment of contempt entered in a Probate Court on July 22, 1985.[1] In determining that Thomas was in contempt of a monetary order, a probate judge fixed the amount of arrears and previously suspended payments at approximately $1,000. The judge also acted on Elizabeth's amended complaint for modification, originally filed by her pro se, by increasing the weekly amount due for child support to $75 per week until August 16, 1985, and $100 per week thereafter. The modification findings and rulings were included in the judgment for contempt. Thomas challenges the judge's award of legal fees, travel expenses and lost wages under G. L. c. 215, § 34A, as well as the judge's finding that there had been a material change in circumstances.[2]

1. The judge found that Thomas was the skipper of a fishing boat and had the present ability to pay $25 a week toward the outstanding arrearages. She further found from financial statements that Thomas had weekly expenses of $79.85, that the combined income of Thomas and his second wife was $682.69 per week, and that their home was in the name of the second wife. Elizabeth and the minor child, whose needs had increased, had relocated in Massachusetts. The judge concluded that these factors demonstrated a material change in circumstances. See *Schuler* v. *Schuler,* 382 Mass. 366, 368 (1981).

The judge's findings will not be set aside unless clearly erroneous. See *Hoehn* v. *Hoehn,* 11 Mass. App. Ct. 1000, 1001 (1981); Mass.R.Dom.

---

[1] Various temporary orders issued by the Probate Court on that date have not been contested by the parties on appeal.

[2] Elizabeth's rights under G. L. c. 215, § 34A, were not abridged because a family service officer brought the complaint for contempt on her behalf, or because she retained her attorney after the filing of the complaint.

Rel.P. 52(a). Our review of the record, which includes the transcript of informal hearings at which both parties and their respective counsel were present, reveals no error. The judge properly could consider the income and assets of Thomas's second wife as part of the circumstances relevant to his ability to pay. See *Silvia* v. *Silvia,* 9 Mass. App. Ct. 339, 342 (1980).

2. The total award of approximately $2,500 to Elizabeth made no specific allocation for attorney's fees or expenses. The transcript reveals, and the parties agree, that Elizabeth's attorney requested and the judge awarded $800 in attorney's fees for eight hours of work at an hourly rate of $100, necessitated by two of the three court appearances scheduled in these proceedings, and the requisite preparation for those appearances.[3] The judge also allowed Elizabeth's travel expenses between North Carolina and Massachusetts for the first of the three scheduled dates, as well as her loss of several days' wages. Thomas challenges these amounts as unreasonable, particularly as the total allowance for legal fees and expenses (some $1,500) exceeds the amount which Thomas was found to owe for delinquent and suspended support payments.

General Laws c. 215, § 34A, creates a presumption that a prevailing plaintiff is entitled to "all of [her] reasonable attorney's fees and expenses relating to the attempted resolution, initiation and prosecution of the complaint for contempt." Setting the amount of reasonable counsel fees lies largely within the discretion of the trial judge. *Olmstead* v. *Murphy,* 21 Mass. App. Ct. 664, 665 (1986). *Kennedy* v. *Kennedy, ante* 176, 179 (1986). We have no difficulty discerning from the face of the record that the award of attorney's fees was proper within the guidelines applicable to such awards. *Kennedy* v. *Kennedy, supra* at 180-181. See *Olmstead* v. *Murphy,* 21 Mass. App. Ct. at 665.[4]

We are of like mind with respect to the expenses awarded to Elizabeth in this case. The statute suggests no intent to give to the term "expenses" a different or more limited effect than that we have given to the term "attorney's fees." The policy underlying the statute has been discussed in

---

[3] The contempt complaint was filed on May 9, 1985. Two or three days before the first scheduled hearing (June 7, 1985), counsel for Thomas filed an appearance and obtained a continuance. Elizabeth, then unrepresented by an attorney, had departed from North Carolina before she could be notified of this development. Upon arriving in Massachusetts, she obtained counsel. She moved to Massachusetts shortly thereafter, prior to the second and third hearing dates. There is no merit to Thomas's contention that "[c]ounsel was not required in her behalf . . . [with respect to] the contempt proceeding."

[4] In *Olmstead* v. *Murphy, supra* at 666, and again in *Kennedy* v. *Kennedy, supra* at 182, we pointed out that the amount of the recovery is not a reliable guide in the determination of reasonable fees in cases such as these. Thomas also complains that the judge made no distinction between the attorney's respective involvement in the contempt and modification complaints. A fair reading of the transcript shows that the contempt and modification proceedings, including argument on fees and expenses authorized by c. 215, § 34A, were treated separately by the judge.

relation to attorney's fees in *Olmstead* v. *Murphy, supra* at 666, and in *Kennedy* v. *Kennedy, supra* at 180-181. That policy applies equally to expenses reasonably incurred by a prevailing plaintiff in an action for contempt of an order for support. Nothing in the record on appeal inclines us to disturb the determination of the trial judge that all of Elizabeth's claimed travel expenses and lost wages should be borne by the contemnor.[5]

*Judgment affirmed.*

*Richard J. Cain* for the defendant.
*Russell N. Wilkins,* for the plaintiff, submitted a brief.

---

[5] We reject Thomas's contention that Elizabeth need not have attended the contempt proceeding and thereby incurred transportation expenses. While the record before us does not make clear whether the judge allowed two, three or more days' lost wages, we think that the amount of expenses awarded was not excessive or unreasonable in the circumstances and in light of the policy aims of G. L. c. 215, § 34A.