NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-703

ADOPTION OF URMI.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a mistrial and a second trial, a Juvenile Court judge adjudicated Urmi in need of care and protection, found the mother and the father unfit, awarded custody of the child to the Department of Children and Families (department), and terminated parental rights.  The mother and the father appeal, and we affirm.

We disagree with the mother's contention that the judge violated her right to counsel by failing to treat counsel's motion to withdraw as a "motion for substitution of counsel." At no time did the mother request new counsel.  Instead, the mother repeatedly asked to represent herself:  counsel informed the judge on the first day of the first trial that the "[m]other made a specific request that I withdraw"; the judge denied the

---

[1] A pseudonym.

motion after counsel failed to state any supporting reason in her argument, motion, or affidavit; after conferring with counsel, the mother filed a notice of appearance suggesting self-representation; at the department's request after a witness had offered testimony, the judge conducted a colloquy with the mother; she repeated her desire to represent herself, filed a second notice of appearance suggesting self-representation, and completed a written waiver of counsel. The judge allowed the mother's request to represent herself, and she agreed to have counsel serve as standby counsel. The judge then declared a mistrial and scheduled another trial date. Given this sequence of events and applying de novo review, Adoption of Doretta, 106 Mass. App. Ct. 477, 485 (2026), we decline to construe counsel's motion to withdraw in a manner that is inconsistent with the mother's repeated requests to represent herself.

We also note that if the mother wanted new counsel, she had ample time to make such a request, but she never did so. The mistrial occurred on January 10, 2024. On February 1, 2024, the parties appeared before the same judge for the second trial, and the judge recapitulated the procedural background regarding the mother's request to represent herself. Not only did the mother not request counsel, but she continued to advocate for herself regarding pretrial motions. Contrary to the mother's wide-

2

ranging allegations in her brief, we discern no facts from the record to support that the judge deprived the mother of the right to counsel, ignored her request for counsel, failed to conduct an inquiry of counsel, forced her to represent herself, deemed the mother to have forfeited her right to counsel, or failed to appoint counsel to review the waiver of counsel form. Nor do we discern any error in the manner which the judge conducted the trial, particularly the order of witnesses and the invitation to the mother to "tell me anything you want to tell me." See Commonwealth v. Molino, 411 Mass. 149, 154 (1991) (judge has discretion to impose "reasonable limitations" on presentation with standby counsel). See also Maynard v. Meachum, 545 F.2d 273, 279 (1st Cir. 1976) ("presenting a defense is not a simple matter of telling one's story"); E.B. Cypher, Criminal Practice and Procedure § 20:47 (4th ed. 2014) ("defendant should be informed that if he testifies, he will not be permitted to give his testimony in a narrative form but rather will have to answer questions asked of him by a 'standby' counsel or ask himself questions then give the answers").

We also disagree with the father's contention that the judge terminated his parental rights due to the "mother's history" and otherwise misapplied G. L. c. 210, § 3 (c). The record shows that the judge terminated the father's rights

3

because the father, who sought joint reunification, lacked insight into the mother's substance use and her relationships with former domestic violence perpetrators; failed to maintain safe and stable housing; and failed to engage with individual counseling, domestic violence services, and family stabilization services. The judge was not required to give any special weight to the "facts favorable to [f]ather," and we discern no error in the judge's findings or conclusions. See Adoption of Kimberly, 414 Mass. 526, 529-530 (1993) (judge may consider mother placing relationship with abusive boyfriend before needs of children); Wilkins v. Wilkins, 324 Mass. 261, 264 (1949) (judge may consider "parents, jointly, taken as a couple"); Adoption of Serge, 52 Mass. App. Ct. 1, 8 (2001) (unfitness supported by "lack of meaningful participation in recommended services"); Custody of Michel, 28 Mass. App. Ct. 260, 264 (1990) ("mother displayed neither ability nor will to act independently of the father").

Here, the father's loyalty to the mother (who he married during the care and protection case) rendered him unable to accept difficult facts showing that the mother had continuing drug addictions and mental health needs and maintained harmful relationships with prior partners. Despite evidence to the contrary at trial, the father testified that there were no

4

barriers to the mother being the primary caretaker and no concerns with her substance use, mental health, judgment, or ongoing contact with prior, abusive partners.  He further denied the need for any services for himself or the mother.  As the judge found, both the mother and the father failed to appear on one of the trial days, they demonstrated "an inability and unwillingness to engage in the majority of the services recommended by the [d]epartment," the father had a "lack of concern with [m]other's unaddressed needs," and the father was "frequently dismissive and steadfast in his belief that [m]other was honest with him" despite the mother's own testimony that she was dishonest.

Decrees affirmed.

By the Court (Meade,
  Hodgens & Allen, JJ.[2]),

Clerk

Entered:  April 13, 2026.

---

[2] The panelists are listed in order of seniority.