NANCY M. FLAHERTY *vs.* JOHN M. FLAHERTY.

No. 95-P-240.

Middlesex. February 8, 1996. - April 12, 1996.

Present: WARNER, C.J., KASS, & PORADA, JJ.

*Divorce and Separation,* Child support, Modification of judgment.

In a divorce action, the judge's attribution of income to the husband underlying the order of child support was not supported by findings of fact: the matter was remanded for specific and detailed findings. [291-292]

COMPLAINT for divorce filed in the Middlesex Division of the Probate and Family Court Department on July 5, 1993.

The case was heard by *Judith Nelson Dilday,* J., and a proceeding for contempt, commenced on October 13, 1994, was heard by *Fernande R.V. Duffly,* J.

*John M. Flaherty,* pro se.

*Rudolf A. Jaworski, Jr.,* for Nancy M. Flaherty.

WARNER, C.J. In August, 1994, the parties were divorced by a judgment nisi that required the husband to pay child support of $400 per week. The husband appeals, claiming the support order was based on an attribution of earnings unsupported by the judge's findings. He also challenges a finding of civil contempt based on his payment of less than $400 per week in child support. As the judge's findings were inadequate to support the attribution of income, we vacate the judgment as to child support and remand for further findings. We therefore also vacate the judgment of contempt, see *Dominick* v. *Dominick,* 18 Mass. App. Ct. 85, 93-95 (1984), and reinstate the husband's prior support obligation under the temporary order ($115).[1]

---

[1]In addition to challenging the award of child support, the husband challenges the award of physical custody to the wife and the division of marital

The husband, forty-six years old at the time of trial, is a well-educated professional with a Ph.D. in physics. Some two months prior to the divorce trial, the husband was laid off from his job where he earned approximately $1,200 per week. At the time of trial, he was receiving $375 per week in unemployment benefits. He had prepared a resume and was readying himself to seek new employment.

Before final judgment entered, the husband was paying child support of $115 per week under a temporary order that computed his obligation under the Child Support Guidelines (1989) based on his actual unemployment income of $375 per week. In her proposed judgment, the wife requested child support in the amount of $400 per week. This amount was based on a computation attributing to the husband full-time employment income of $1,211.54 a week.

In the judgment of divorce nisi, the judge ordered the husband to pay $400 per week in child support. In her findings of fact, the judge concluded that "[t]he husband has the ability, based on his skills and experience, to acquire future capital and income." She made no specific findings in support of this general conclusion. In an amendment to the judgment of divorce nisi, the judge ordered that "[t]he obligation [to pay $400] begins on the date of this judgment because income greater than unemployment compensation is attributed to the husband."

Despite the judge's order, the husband continued to pay $115 per week in child support. On November 7, 1994, the husband was found in contempt by another judge for failure

assets. We conclude that the judge's findings in these respects have not been shown to be clearly erroneous and that there was no abuse of discretion. *Caldwell* v. *Caldwell,* 17 Mass. App. Ct. 1032 (1984). *Matteson* v. *Matteson,* 23 Mass. App. Ct. 945, 945-946 (1986). Mass.R.Dom.Rel.P. 52(a), as amended (1987). Cf. *New England Canteen Serv., Inc.* v. *Ashley,* 372 Mass. 671, 675 (1977); *Gallagher* v. *Taylor,* 26 Mass. App. Ct. 876, 880-881 (1989).

The husband further challenges the visitation order to which he agreed in the stipulation. To change visitation he must file a complaint for modification and demonstrate that a material and substantial change has occurred and that a change in visitation would be in the best interest of the children. G. L. c. 208, § 28.

to pay $400 per week in child support. He was ordered to pay $7,098 to the wife for past due and future child support.[2]

The earning capacity rather than the actual income of a parent may be considered in determining child support orders. *Canning* v. *Juskalian*, 33 Mass. App. Ct. 202, 206 (1992). Guideline II-H of the Child Support Guidelines provides, however, that the court first must make "a determination that either or both parties is earning substantially less than he or she could through reasonable effort . . . ."

In keeping with the guidelines, a judge should determine by specific and detailed findings of fact whether an individual will be able to earn additional income with reasonable effort before attributing income.[3] Attribution of income may be appropriate when a judge determines a career change is voluntary, see *Schuler* v. *Schuler*, 382 Mass. 366, 371-372 (1981); *Canning* v. *Juskalian*, 33 Mass. App. Ct. at 204; *Bassette* v. *Bartolucci*, 38 Mass. App. Ct. 732, 735-736 (1995), or where a party fails to take another job despite its easy availability. See *Schuler* v. *Schuler, supra* at 371 (husband testified that he could readily obtain position as engineer, but wanted to be president of small corporation). A party's ownership of substantial assets also may be weighed in determining whether attribution is proper. *Id.* at 372. Where, however, as here, there is no evidence that a change in job status was voluntary, the party is making a reasonable effort to secure additional income, and he or she has no additional assets with which to pay the increased support order, child support orders must be based upon present income. Cf. *Goldman* v. *Goldman*, 28 Mass. App. Ct. 603, 613 (1990) ("Where future events cannot be predicted with any measure of certainty, an alimony award should be based on present conditions").

The order of child support in the judgment of divorce nisi is vacated; in all other respects, the judgment is affirmed. The judgment of contempt is vacated. The judge shall file in this

---

[2]The husband had been holding $7,000 for payment of the wife's attorney's fees in accordance with the divorce judgment. Although we are vacating the contempt judgment, the $7,000 will remain with the wife but should be applied by the wife to the payment of her attorney's fees.

[3]The guidelines state that they "are intended to be applied where a finding has been made that the party is capable of working and is unemployed, working part-time or is working a job, trade, or profession other than that for which he/she has been trained." Guideline II-H.

court further findings in accordance with this opinion within thirty days of the rescript in this appeal. The parties shall have twenty days after such filing to submit, in letter form not to exceed fifteen pages, memoranda addressing the further findings. We retain jurisdiction of this case, and upon receipt of the memoranda, we will make such further orders as seem desirable. See *In the Matter of R.H.*, 35 Mass. App. Ct. 478, 493-494 (1993).

*So ordered.*