JENNIFER H. ULIN vs. SCOTT P. POLANSKY.

No. 11-P-1450.

Middlesex. October 11, 2012. - February 19, 2013.

Present: GRAHAM, VUONO, & HANLON, JJ.

*Divorce and Separation,* Child support, Modification of judgment. *Parent and Child,* Child support. *Evidence,* Expert opinion. *Witness,* Expert. *Judgment,* Relief from judgment. *Practice, Civil,* Relief from judgment.

This court remanded to the Probate and Family Court for further fact finding an action to modify a divorce decree, where the judge attributed to the wife income on the basis of her present ability to obtain employment but did not make a specific finding whether she had exercised reasonable efforts in her job search. [306-307]

The judge in a civil action did not abuse his discretion in disregarding the opinion of one party's expert witness. [307-308]

A Probate and Family Court judge did not abuse his discretion in denying a wife's motion for relief from judgment on a complaint seeking modification of a divorce decree, where the basis of the motion was an allegation of a material change of circumstances, and the judge could properly have viewed the subject as one for a new complaint for modification rather than a postjudgment motion. [308]

COMPLAINT for divorce filed in the Middlesex Division of the Probate and Family Court Department on February 25, 2003.

Complaints for modification of judgment, filed on December 1, 2008, and February 27, 2009, were heard by *Spencer M. Kagan,* J., and a motion for relief from judgment was also heard by him.

*Philip J. Byers* for the wife.

*Karen W. Stuntz* (*Geraldine P. McEvoy* with her) for the husband.

GRAHAM, J. Following the parties' divorce, the wife filed a complaint for modification seeking an increase in child support payments on the grounds that she had recently become unemployed. A judge of the Probate and Family Court ruled that

a modification was warranted but, due to income he attributed to the wife, ordered only a modest increase in the husband's support obligation. The wife appeals from the modification judgment and from the denial of her later motion for relief from that judgment.[1]

1. *Background.* The parties were married in 1989; a judgment of divorce nisi entered on December 21, 2006. Two children were born of the marriage, in 1994 and 1996. At the time of divorce, both parents earned approximately $150,000 per year. Under the terms of the original judgment, the husband was ordered to pay child support in the amount of about sixty-five dollars per week, both parties were to share equally the costs of a nanny, and both parents were to have about equal parenting time.

In 2008, the wife's employer hired a new supervisor, who informed her that she would be required to meet certain sales growth targets within a specified time. Believing that she could not reasonably meet these new goals, the wife negotiated a severance package for twenty-four weeks of salary. After those payments ran out in November, 2008, she began collecting unemployment benefits. Once she became unemployed, the wife began to actively seek new employment in her field of health care marketing. Notwithstanding her previous experience and education,[2] however, she was unable to find permanent work.[3]

On December 1, 2008, the wife filed the first of two modification complaints seeking an upward adjustment in the husband's child support obligation, citing her recent unemployment as a material change of circumstances. A trial on the consolidated complaints was held over multiple dates from May to September, 2010. There, the wife testified that she was capable of working and had been actively looking for a job, but had been unsuccessful. The court's probation officer overseeing job search orders testified that the wife had been sincerely seeking work and in compliance with the job search order entered by the court.

---

[1]The two appeals were consolidated in this court.

[2]The wife earned a master's degree in business administration from the Harvard Business School.

[3]The wife worked for five months at a temporary position in her field of expertise, at a salary commensurate with her previous one.

The parties also offered expert testimony in support of their positions. Paul Blatchford, a vocational expert, testified on behalf of the husband that jobs fitting the wife's qualifications and background were reasonably available in Massachusetts, at which she could expect to earn an annual salary of between $90,000 and $150,000. Victor Matheson, a macroeconomist, testified on behalf of the wife. He agreed that the wife, if she located appropriate work, could expect to earn within that salary range. Relying on national statistics, he nevertheless opined that, due to the economic recession, the length of her unemployment was reasonable, and could reasonably continue into the future until a period of ninety-nine weeks of unemployment had been reached.

2. *Modification judgment.* Based on the evidence presented, the judge found that "while [the wife] voluntarily left her [permanent] position . . . , she had no other decision but to do so given the proposal with which she was faced." He credited the testimony of the husband's expert, and found the wife's expert's testimony to be "unreliable" as his opinions were not tied to the wife's specific circumstances or geographic location. The judge thus found the wife "presently able to obtain employment," and attributed an income to her in the amount of $120,000 per year, an average of the range provided by the husband's expert, retroactive to the date that the husband was served with the complaint for modification. In further support of his attribution, the judge also found that the wife had been receiving significant financial support from her parents, and had given $40,000 to her boyfriend, who was also her trial attorney, thereby demonstrating that she had significant resources remaining at her disposal.

Based on the foregoing, a judgment dated nunc pro tunc to January 18, 2011, entered on the complaint for modification, ordering, inter alia, that the husband pay to the wife $132 per week in child support.[4] Because this amount was significantly less than the amount of temporary support ordered following

---

[4]The amount ordered is slightly higher than the previous amount under the original judgment. The upward adjustment is based on the husband's slightly increased income since the divorce and the wife's income reduction, represented by the judge's income attribution.

the filing of the complaint for modification, the judge also ordered the wife to reimburse the husband $8,160 in excess child support payments. The wife thereafter sought relief from the judgment, pursuant to Mass.R.Civ.P. 60(b)(2) and (6), 365 Mass. 828 (1974), on the ground that after the modification judgment entered, the Social Security Administration declared her to be totally disabled.[5] The judge denied the wife's motion without substantive comment. This appeal followed.

3. *Discussion.* a. *Attribution of income.* The wife first claims that the judge abused his discretion in attributing an annual income of $120,000 to her, as she had involuntarily departed from her prior position and had made diligent and good faith efforts to obtain new employment.

The child support guidelines allow a judge to attribute income to a party when a finding is made that the party is earning less than he or she could through reasonable efforts. See Massachusetts Child Support Guidelines § II-H (2009) ("If the Court makes a determination that either party is earning less than he or she could through reasonable effort, the Court should consider potential earning capacity rather than actual earnings in making its order"); *Heins* v. *Ledis*, 422 Mass. 477, 485 (1996); *C.D.L.* v. *M.M.L.*, 72 Mass. App. Ct. 146, 152 (2008) ("Attribution of income is particularly appropriate when a judge determines that a party . . . is voluntarily earning less than he or she is capable of earning through reasonable effort").

The judge may also weigh a party's ownership of "substantial assets" and continued standard of living in determining whether attribution of income is proper. *Schuler* v. *Schuler*, 382 Mass. 366, 372 (1981). See *Flaherty* v. *Flaherty*, 40 Mass. App. Ct. 289, 291 (1996) ("Where . . . there is no evidence that a change in job status was voluntary, the party is making a reasonable effort to secure additional income, and he or she has no additional assets with which to pay the increased support order," attribution of income not proper).

In this case, the judge attributed an income to the wife on the basis of her present ability to obtain employment, yet did not make a specific finding whether she had exercised reasonable

---

[5]In her motion, the wife stated that she has been "profoundly depressed such that she is unable to seek or maintain employment."

efforts in her job search. The omission is puzzling, especially in light of the judge's findings. Although he credited the husband's vocational expert, and linked the attributed income figure to a salary range provided by him, the judge also made a finding that the court's probation officer "testified that he believe[d] [the wife] is sincere in her job search and that she is in compliance" with the court's job search order.[6] As noted *supra*, the Child Support Guidelines and the case law specifically provide that an attribution tied to earning capacity is to be based on whether a party has exercised reasonable efforts in seeking employment. See Massachusetts Child Support Guidelines § II-H; *C.D.L.* v. *M.M.L.*, *supra*. Given the probation officer's testimony that the wife has been compliant and sincere in her job search, and without a specific finding to the contrary, we conclude that the attribution rests on insufficient factual findings.

We add that the judge's additional findings concerning the wife's assets and lifestyle are not enough to support the attribution. Although *Schuler*, *supra*, and *Flaherty*, *supra*, discuss personal assets and a party's continued maintenance of a standard of living in attributing income to that party, neither this court nor the Supreme Judicial Court has affirmed an attribution of income made without a finding concerning the party's reasonable efforts to secure employment. Moreover, the attribution in this case was specifically tied to an earning capacity in the wife's vocation, not to income she received from her family or from personal assets.

In sum, we conclude that the matter must be remanded to the Probate and Family Court for further fact finding on the issue of attribution of income, with particular attention paid to whether the wife exercised reasonable efforts in her job search.

b. *Expert testimony.* The wife also argues that the judge should not have disregarded her expert's testimony, and instead should have qualified him as a "vocational expert" and adopted his reasoning. The argument is without merit. Trial judges have "extensive discretion" with respect to the admission of expert testimony, *Beaupre* v. *Cliff Smith & Assocs.*, 50 Mass. App. Ct. 480, 485 (2000), and are free as fact finders to accept or reject

---

[6]The judge did not specify that he rejected the testimony, nor do we believe such a rejection is necessarily implied in the judge's findings or analysis.

that testimony once admitted, as did the judge in this case. See *Fechtor* v. *Fechtor*, 26 Mass. App. Ct. 859, 863 (1989).

c. *Relief from judgment.* The wife lastly argues that the judge erred in denying her rule 60(b) motion. In her motion, the wife claimed that since the entry of the modification judgment she "has been deemed totally disabled by the Social Security Administration under SSDI [the Social Security Disability Income program]." "A motion for relief under rule 60(b) is directed to the sound discretion of the motion judge, and we review the judge's ruling for abuse of discretion." *Nortek, Inc.* v. *Liberty Mut. Ins. Co.*, 65 Mass. App. Ct. 764, 775 (2006). We review the wife's motion under rule 60(b)(6),[7] a catchall provision allowing for relief only in "extraordinary circumstances." *Sahin* v. *Sahin*, 435 Mass. 396, 406 (2001).

The judge here did not abuse his discretion in denying the motion. The basis of the wife's motion is, in reality, an allegation of a material change of circumstances, i.e., a new disability. Accordingly, the judge was not required to simply modify his previous judgment on the facts presented in the motion. Rather, in order to consider the relief sought, new evidence would have to be heard — on the wife's condition, when her alleged disability began, and the like. In short, the judge could properly view the subject as one for a new complaint for modification rather than a postjudgment motion.

4. *Conclusion.* We vacate so much of the modification judgment as concerns the attribution of income to the wife, and remand the matter to the Probate and Family Court for further fact finding on that issue consistent with this opinion. The judgment is affirmed in all other respects. In the interim, the existing child support order shall remain in effect as a temporary order. The order denying the motion for relief from judgment is affirmed.[8]

*So ordered.*

---

[7] Although the wife cited both rule 60(b)(2) and 60(b)(6) in her motion, she limits her appellate argument to the latter.

[8] The husband's request for appellate attorney's fees and costs has been considered by the court, and is denied.