In Nystrom v. Nystrom, 85 Mass. App. Ct. 1121 (2014), this court vacated the portion of the judgment of divorce of a Probate and Family Court judge awarding rehabilitative alimony and requiring the wife to reimburse the husband for the monthly cost of her health insurance coverage under his policy or requiring the wife to maintain her own coverage and remanded the matter for further proceedings. More specifically, this court directed the Probate and Family Court judge to make additional and updated findings on the wife's earning capacity and, in light of such updated findings, to determine the appropriateness of the order regarding the wife's health insurance obligations. This court also vacated the judgment dismissing the wife's complaint for modification of the alimony award. On remand, the judge entered additional findings of fact and a second amended judgment of divorce, from which the wife now appeals.[2]
1. The wife's general term and retroactive alimony award. The wife argues that the judge abused her discretion in awarding general term and retroactive alimony below the guidelines set forth in the Alimony Reform Act of 2011 (act). The act requires a judge to consider several factors when setting an alimony award, including, but not limited to, the "income, employment and employability of both parties," and the "ability of each party to maintain the marital lifestyle." G. L. c. 208, § 53(a ), inserted by St. 2011, c. 124, § 3. The amount of the alimony award is generally limited to "the recipient's need or 30 to 35 per cent of the difference between the parties' gross incomes." G. L. c. 208, § 53(b ). Accordingly, the central inquiry when calculating alimony is into the parties' financial circumstances.
We agree with the wife that the amended findings do not adequately address the parties' financial status and need. In her original findings, the judge expressed her view that the wife had "not used her best efforts in becoming reemployed," and stated, without further explanation, that the wife "has the education to become employed in various fields," and that "[b]ased on [w]ife's work history, education and experience, she will become reemployed." In her amended findings after remand, the judge described the wife's current employment as a preschool teacher, in which she earns $390 per week, and stated that she did not find credible the wife's testimony that she had used her "best efforts" to find employment.[3] However, the relevant inquiry for attribution of income is not whether a party has used her "best efforts" to secure more lucrative employment, but rather, whether a party is presently "capable of earning more with reasonable effort." Emery v. Sturtevant, 91 Mass. App. Ct. 502, 509 (2017). See Ulin v. Polansky, 83 Mass. App. Ct. 303, 306 (2013), quoting from Massachusetts Child Support Guidelines § 11-H (2009) ( "If the [c]ourt makes a determination that either party is earning less than he or she could through reasonable effort, the [c]ourt should consider potential earning capacity rather than actual earnings in makings its order"). The judge's amended findings still do not address the factors identified by this court in the first appeal as likely to impede the wife's job search efforts, such as her advancing age and the amount of time she had been out of the pharmaceutical sales industry. In addition, the judge made no findings regarding the wife's current earning capacity.[4] Accordingly, the judge's findings are insufficient to support a determination that the wife is presently "capable of earning more with reasonable effort." Emery, supra.
While the amount of alimony ordered by the judge may be appropriate and within the act's suggested range of thirty to thirty-five percent of the difference between the parties' incomes, without findings addressing the wife's earning capacity, the wife's need for alimony, and the husband's ability to pay, we cannot determine whether the amount is appropriate. We therefore vacate the present order for general term and retroactive alimony in the second amended judgment and again remand the case to the Probate and Family Court for further (and updated) findings regarding the parties' financial circumstances and for a resulting appropriate order for alimony based on the updated findings.[5]
2. Life insurance obligation. The wife appeals also on the ground that the probate judge incorrectly ordered the husband to obtain and maintain a separate life insurance policy, naming the wife as the beneficiary, in the amount of $125,000 during the period of time there is an obligation to pay the wife alimony. The act authorizes a judge to "require reasonable security for alimony in the event of the payor's death during the alimony period," including maintaining life insurance. G. L. c. 208, § 55(a ), inserted by St. 2011, c. 124, § 3. "Our cases recognize implicitly that a judge, in his or her discretion, may order that a party maintain life insurance as security for alimony even where the order for alimony does not continue after the support obligor's death." Braun v. Braun, 68 Mass. App. Ct. 846, 858 (2007). In light of any updated findings about the wife's earning capacity that may impact the amount of the alimony award, the judge shall consider the appropriateness of the amount of the life insurance policy. See G. L. c. 208, § 55(b ).[6]
3. Failure to hold evidentiary hearing. Though the judge's findings were inadequate, we see no error in the judge's failure to conduct an evidentiary hearing on remand. Nothing in this court's prior order required such a hearing; the order required only that the judge reconsider the evidence previously presented and update the findings of fact based on that review to appropriately reflect the wife's earning capacity. The wife testified in the original proceedings and has not identified what (if any) additional evidence she would have produced if such a hearing had been permitted.[7]
4. The wife's temporary alimony award. The wife's claim that the judge erred in calculating the amount of the temporary alimony award is unavailing. The act "addresses only divorce judgments and the modifications of such judgments; it does not address any matter that may arise between the filing of the complaint for divorce and the issuance of the judgment. Specifically, it did not amend, and did not even reference, G. L. c. 208, § 17, which provides for the payment of temporary alimony during the pendency of a divorce action." Holmes v. Holmes, 467 Mass. 653, 658-659 (2014). The temporary alimony statute is separate from the act and gives the court broad discretion in assessing motions for temporary alimony. The statute does not contain any specific criteria, only that the judge consider the immediate need of the applicant spouse for support to maintain or defend the divorce action. See G. L. c. 208, § 17. We discern no abuse of discretion in the judge's order that the husband make temporary alimony payments to the wife in the amount of $300 per week.[8]
5. Health insurance obligation. In the second amended judgment, the judge ordered the husband to provide health insurance for the benefit of the wife for so long as it is available to him through his employment at a reasonable cost. The wife argues that this order fails to protect her should the husband remarry. This claim is speculative. There is nothing in the record indicating that the husband has plans to remarry in the near future. If and when the husband remarries, the wife is entitled to file a complaint for modification of the judgment.
6. The wife's complaint for modification. The wife misinterprets the proceedings in arguing that the judge "invented a trial for a [c]omplaint for [m]odification," and coerced the wife into dismissing that complaint. The complaint for modification, the dismissal of which was vacated by this court in the first appeal, was for the extension of the original alimony award. The judge had several discussions with the wife and her counsel about whether dismissal was warranted since the judge was issuing amended findings of facts and a new judgment specifically addressing the issue of alimony. The judge refused the wife's request to dismiss the complaint sua sponte and provided the wife with her options in proceeding with the complaint. The judge was explicit that the decision to dismiss the complaint was for the wife and the court was not forcing her to file a motion to dismiss. The judge's actions were appropriate. She was under no obligation to dismiss the complaint for modification sua sponte and the wife's motion to dismiss the complaint was not filed under duress.
7. The denial of wife's motion for recusal. The wife's motion for recusal was based primarily on the grounds that the probate judge was biased against the wife and in favor of opposing counsel based on the judge's findings and rulings in the original divorce proceedings, her actions on remand, exchanges between the judge and opposing counsel, and the wife's status as an unrepresented litigant. The determination of recusal is left to the judge's sound discretion. See Lena v. Commonwealth, 369 Mass. 571, 575-576 (1976) ; Demoulas v. Demoulas Super Mkts., Inc., 428 Mass. 543, 546 nn.5,6 (1998). See also S.J.C. Rule 3:09, Canon 3(C)(1), as appearing in 382 Mass. 811 (1981). Based on the record before us, the judge did not abuse her discretion in denying the motion. In particular, we do not share the wife's characterization of the judge's comment that "it can be difficult to negotiate a settlement" as an implicit criticism of the wife's status as a self-represented litigant.[9]
8. Conclusion. We (1) vacate the portion of the second amended judgment awarding general term and retroactive alimony; and (2) remand the case to the Probate Court for findings, rulings, and orders consistent with this memorandum and order. In all other respects, the second amended judgment is affirmed.[10]
So ordered.

The judge also denied the wife's motion for recusal, and entered judgment dismissing the wife's complaints for contempt.

In the wife's proposed corrected findings she explained that as a preschool teacher she has summers off, so she only works thirty-eight weeks out of the year. It is not clear from the findings whether the judge considered this in calculating the wife's annual income for purposes of calculating the alimony amount.

Similarly, the judge made no findings regarding the husband's ability to pay alimony and the wife's need for the same. Though updated financial statements were presented to the judge on remand, there are no subsidiary findings regarding the parties' expenses.

Because the parties' marriage lasted more than twenty years, the judge was permitted to "order alimony for an indefinite length of time." G. L. c. 208, § 49(c ), inserted by St. 2011, c. 124, § 3. There was no error, however, in the judge's decision to terminate the obligation upon the wife's remarriage or death of either party because the act "does not establish a presumptive termination date for general term alimony where the length of the marriage is longer than twenty years." Holmes v. Holmes, 467 Mass. 653, 657 n.6 (2014). Contrary to the wife's assertions, the duration of the wife's general alimony term was not ambiguous or nonsensical.

"Orders to maintain life insurance shall be based upon due consideration of the following factors: age and insurability of the payor; cost of insurance; amount of the judgment; policies carried during the marriage; duration of the alimony order; prevailing interest rates at the time of the order; and other obligations of the payor." Section 55(b ).

In light of the passage of time, and our direction that the judge's further findings in the present remand address the parties' financial circumstances in an updated manner, an evidentiary hearing is warranted in the present remand. We leave to the judge's discretion whether to limit the evidentiary presentation to changes in the parties' financial circumstances or employment, if any, or whether to take additional evidence concerning the wife's prospects for more lucrative employment.

As such, there was no error in denying the wife's motion to amend the temporary alimony award.

The present record does not support the wife's suggestion that the present status of a former associate of the husband's counsel as an assistant case manager for the judge poses a conflict of interest. Of course, the employee in question cannot have any involvement in the judge's consideration of this matter. We also note that, while there was nothing improper in the judge's encouragement to the parties to engage in settlement negotiations, the judge should not subsequently have inquired into the substance of those discussions.

The wife's request for sanctions for the husband's contempt of court is also denied. The parties were involved in numerous contempt proceedings brought by the wife. Between December, 2014, and May, 2016, the wife filed three separate complaints for contempt alleging that the husband failed to comply with discovery, had fallen behind on his retroactive alimony payments, and failed to acquire life insurance naming the wife as the beneficiary as ordered in the second amended judgment. The imposition of sanctions is discretionary. In this case, where the judge found that the husband complied with the second amended judgment or the court's temporary order on contempt, we find no merit in the wife's assertion that the court erred by failing to order sanctions for the husband's contempt.