In this appeal from a judgment on a complaint for modification entered by a judge of the Probate and Family Court on March 21, 2016, Priscilla A. Christie (mother), the former wife of Todd D. Brown (father), challenges the judge's reduction of the father's child support obligation. We affirm.
Background. Following a four-day trial, the judge made the following findings of fact. The parties divorced on March 26, 2001, pursuant to a judgment of divorce incorporating their separation agreement, which granted the mother sole physical custody of the parties' only child and required the father to pay weekly child support of $260. Since then, the father has filed three complaints for modification of his child support obligation, each alleging unemployment or employment related problems. A judgment on the father's first modification complaint reduced his child support obligation to $200 per week. After a hearing on the father's second modification complaint, at which the father did not appear, a judgment issued raising his child support obligation to $250 per week. At issue here is the father's third modification complaint[2] where, after the trial, the judge entered a judgment reducing the father's weekly child support obligation to $100, with the proviso that the father pay $400 per month in additional child support "if, as and when" the father received alimony payments as a result of his divorce from his second wife, Kirsten Wagner. On appeal, the mother challenges the reduced child support amount, asserting that it was the result of several errors the judge made when determining the father's income and the reasons for his change in circumstances. We affirm.
Discussion. A judge must modify an existing child support order if there is an inconsistency between the amount of the existing order and the amount that would result from applying the child support guidelines (guidelines). See Morales v. Morales, 464 Mass. 507, 508 (2013) ; G. L. c. 208, § 28. See also Child Support Guidelines § III.A(1) (2013). A plaintiff is not required to prove a material change in circumstances subsequent to the prior order's issuance, but some change must be present for a proper child support modification request.[3] See Morales, supra at 512 n.9. Here, in granting the father's request for modification of the existing child support order, the judge properly applied these standards, and in doing so, did not abuse his discretion.
The mother argues first that the judge failed to consider all of the father's income. Specifically, the mother contends that the judge failed to consider (1) the alimony owed to the father by Wagner, (2) in-kind income earned while the father worked for Wagner's psychiatry practice, and (3) "rent-deferred" housing the father's parents provided him. The record before us, and the judge's findings, show that the judge carefully considered all of this evidence. For example, the judge found that the judgment from the father's divorce from Wagner awarded him $700 in weekly alimony, but as of the modification trial, "said judgment and alimony obligation had been constantly litigated; subject to an [a]ppeal; and the subject of numerous contempts." Thus, the judge found that there was no evidence regarding whether Wagner paid the father that amount regularly. This finding supports the judge's decision to order the father to pay an additional $400 per month "if, as and when" he received alimony payments from Wagner.[4]
In addition, the judge took note of the father's receipt of in-kind income from Wagner's business and the rent-free housing provided by his parents.[5] As to any income the father received from Wagner's business, the judge appears not to have considered that matter in light of the father's divorce from Wagner, which ended his relationship with her business. Regarding the free housing provided by the father's parents, the judge found that at the time of trial, the father resided at his parents' home and was not paying rent, and that this partially justified the judge's upward deviation from the amount set out in the guidelines. There was no error.
The mother next argues-without support in the record-that the judge failed to explain his child support calculation. "[W]hile it is in the sound discretion of the judge to modify an existing child support order, when the modification involves a deviation from the guidelines, both the statute and the guidelines require that the judge explain the deviation in specific written findings." Wasson v. Wasson, 81 Mass. App. Ct. 574, 579 (2012). Here, the judge did so, explaining that he deviated upward from the amount calculated under the guidelines by approximately $50 per week primarily for two reasons.[6] First, as noted above, the judge found that "[the father] is living rent free with his parents, who have helped him financially." Second, the judge concluded that, in addition to his part-time work for a State senator, "[the father] can work in other part-time jobs, such as delivering the Boston Globe or in a convenience store or liquor store, etc." These findings, the judge concluded, supported his decision to deviate upward from the guidelines.
Accordingly, the judge properly considered the evidence of the father's income, issued sufficient written findings detailing his analysis, and explained how he calculated the amount in the judgment. We discern no abuse of discretion.
Finally, the mother argues that the judge erred by failing to attribute income to the father because he voluntarily reduced his hours working for the State senator. In accordance with the guidelines, a judge should consider whether a party is "earning less than he or she could through reasonable effort," and can attribute income to a party instead of using that party's actual income. Child Support Guidelines § I.E. See Crowe v. Fong, 45 Mass. App. Ct. 673, 679-680 (1998). See also Flaherty v. Flaherty, 40 Mass. App. Ct. 289, 291 (1996) (for purposes of determining child support, "[t]he earning capacity rather than the actual income of a parent may be considered"). Here, the judge found that the father's reduction in work hours was not a deliberate attempt to evade his child support obligations, but instead was yet another example of the father's inability to succeed at anything more than menial employment. The evidence adduced at trial supports this finding. Furthermore, as noted above, by deviating upward from the presumptive child support order under the guidelines, the judge determined that the father's earning capacity is higher than his actual income, and attributed income to the father as a result. Again, we discern no error.[7]
Judgment affirmed.

Shortly after the father filed his third modification complaint, a judge entered a temporary order reducing the child support amount to $95 per week.

The mother argues that the judge improperly relied on the father's "incompetence" in maintaining steady employment as the material change in circumstances supporting the modification, instead of relying on the reasons the father gave in his complaint. This argument mischaracterizes the judge's rationale. As the judge explained, the father's "incompetence" prevented him from maintaining gainful employment in anything above a "menial" job. This went to one of the father's reasons listed in his complaint: his decrease in income. Furthermore, the judge fully explored the father's ability to work and his earning capacity. The judge was well within his discretion to conform his rationale to the evidence in the record. See Mass.R.Dom.Rel.P. 15(b).

To monitor these payments, the judge also ordered the father to provide the mother with regular accountings of the alimony he received.

Under the applicable guidelines, "[c]ontributions from a household member are not expressly included in the guidelines' expansive definition of 'income.' However, the 'catch-all' provision allows a judge to consider 'any other form of income or compensation not specifically itemized' in the guidelines." Fehrm-Cappuccino v. Cappuccino, 90 Mass. App. Ct. 525, 529 n.7 (2016), quoting from Child Support Guidelines § I.A(28).

It is evident from the judge's findings that he largely accepted the income and calculations set forth on the father's child support guidelines "worksheet A."

To the extent that we have not addressed the mother's other arguments here, "they have not been overlooked. We find nothing in them that requires discussion." Strawbridge v. Bank of N.Y. Mellon, 91 Mass. App. Ct. 827, 834 (2017), quoting from Department of Rev. v. Ryan R., 62 Mass. App. Ct. 380, 389 (2004).