Following a ten-day trial, a judge of the Probate and Family Court ordered the entry of a judgment of divorce that inter alia, granted, sole legal custody of the parties' minor daughter to the defendant, R.D., and further provided for the parties to share physical custody of the child.[2] The plaintiff, M.D., appeals, contending that the judge abused her discretion in concluding that such a grant of custody was in the child's best interest. We affirm.
In deciding the issues of custody and parenting time, the best interests of the child are paramount. G. L. c. 208, § 31. See A.H. v. M.P., 447 Mass. 828, 837 n.12 (2006). "The determination of which parent will promote a child's best interests rests within the discretion of the judge." Custody of Kali, 439 Mass. 834, 845 (2003), quoting Rosenberg v. Merida, 428 Mass. 182, 191 (1998). "[A] judge may consider any factors found pertinent to those interests in the circumstances of the dispute." Custody of Zia, 50 Mass. App. Ct. 237, 243 (2000). "The decision of which parent will promote a child's best interests 'is a subject peculiarly within the discretion of the judge.' " Bak v. Bak, 24 Mass. App. Ct. 608, 616 (1987), quoting Jenkins v. Jenkins, 304 Mass. 248, 250 (1939). The opportunity that a judge has to observe and to appraise both parties is, of course, particularly important in such matters. Bak, supra.
At the center of this custody dispute is an allegation that R.D. sexually abused the minor child.[3] In addition to the parties and certain family members, several professional witnesses testified at the trial.[4] The trial judge entered careful and detailed findings of fact and confronted difficult allegations, all of which are reflective of the time and attention that she paid to this case. She made specific determinations of credibility as to various witnesses' testimony and other evidence, and also offered explanations for her credibility determinations. Her ultimate and subsidiary findings are amply supported by the record and demonstrate a commitment to adjudicating the facts and to ordering a judgment consistent with the child's best interests. Ultimately, the judge found that the allegation of sexual abuse was not established. Absent clear error, the judge's findings of fact control. Mass. R. Dom. Rel. P. 52 (a).
M.D.'s claims on appeal can best be summarized as disagreeing with the credibility assessments of the trial judge and the weight she gave to the evidence before her. "The credibility of witnesses, particularly, is a preserve of the trial judge upon which an appellate court treads with great reluctance." Springgate v. School Comm. of Mattapoisett, 11 Mass. App. Ct. 304, 310 (1981). The trial judge's "assessment of the weight of the evidence and the credibility of the witnesses is entitled to deference." Care & Protection of Bruce, 44 Mass. App. Ct. 758, 763 (1998). M.D. has not made any showing that this is one of those rare or exceptional instances where a trial judge's assessments of credibility were plainly wrong.
In claiming error, M.D. emphasizes the judge's rejection of the recommendations of Patricia Brady, the court-appointed guardian ad litem (GAL). As the judge found, the GAL has extensive experience in trauma evaluations and works on cases with allegations of parental alienation and high conflict. The GAL filed her report in September of 2015. Ultimately the GAL recommended that M.D. have sole legal and physical custody of the child, with continued supervised visitation with R.D. In rejecting the GAL's recommendations, the judge detailed significant changes that had occurred since the completion of report, which the GAL did not have before her. For example, after the GAL filed her report, M.D. was found in civil contempt for failing to make the child available for her parenting time with R.D. In addition, the GAL did not have the benefit of expert reports prepared by professionals who evaluated R.D.; nor did the GAL speak with a visitation supervisor or a social worker from the Department of Children and Families (department), both of whom believed the child was being alienated from R.D. While the judge is required to consider the recommendations of the GAL, as she did here, it is the judge's responsibility to draw her own conclusions. Sagar v. Sagar, 57 Mass. App. Ct. 71, 79 (2003).
The main weakness with M.D.'s argument is that the judge, upon consideration of all the evidence, rejected his position that R.D. had sexually abused the child. The judge was not required to accept, and did not accept, M.D.'s evidence to the contrary. See Ulin v. Polansky, 83 Mass. App. Ct. 303, 307-308 (2013). This is highlighted by the testimony of Dr. Lawrence Ricci, the medical codirector of a child abuse program in Maine. He testified that he reviewed the child's medical records of an examination conducted at Boston Children's Hospital in connection with the allegation. M.D. claimed that these records verified that the child had been the victim of sexual abuse. However, the judge credited Dr. Ricci's testimony that while there was an abrasion on the child's outer hymen, there was no corroboration that this was as a result of a sexual assault. Despite M.D.'s claims to the contrary, Jill Durand, a licensed clinical psychologist, conducted an evaluation of R.D. and determined that she does not present with significant symptoms of mental illness. The judge credited Durand's testimony and noted that Durand's written report was more current than the report of the GAL. Finally, in December of 2015, the department reversed its decision supporting the allegation of abuse following a fair hearing. See 110 Code Mass. Regs. §§ 10.00 (2014). There was no error.
Judgment affirmed.

R.D.'s residence was deemed the child's residence for the purpose of enrolling her in school.

During the pendency of the case, M.D. had sole physical custody and R.D. had supervised parenting time. The parties shared legal custody.

The witnesses included Lawrence Ricci, M.D., medical codirector at Spurwick Child Abuse Center; Jill Durand, Psy.D., licensed clinical psychologist at Psychological Consulting Services, LLC; Leo Keating, licensed clinical social worker and clinical director of New England Forensic Associates; Elise Long, family support specialist and visitation supervisor at Seven Hills Behavioral Health; Richard Lyons, visitation supervisor at Seven Hills Behavioral Health; Holly Kinch, M.Ed., investigator with the Department of Children and Families; Patricia Brady, M.S., licensed mental health counselor and guardian ad litem; and Melissa Perrotto, licensed mental health counselor at Bayview Associates.