Vincent Leonard Petrangelo (father), the former husband of Kara Hannah Petrangelo (mother), challenges paragraph two of a Probate and Family Court judgment of modification, which increases his weekly child support obligation from $600 to $758.[2] On appeal, the father argues that the judge failed to attribute additional income to the mother, did not consider that the mother's lifestyle had materially improved, and did not appropriately apply the Massachusetts Child Support Guidelines in calculating the support obligation. We affirm.
1. Attributing income. The father claims that the judge abused her discretion by not attributing additional income to the mother. We disagree.
When determining a party's income for purposes of setting or modifying a child support order, "[i]n the proper circumstances, '[a] judge is not limited to a party's actual earnings but may ... consider potential earning capacity' when attributing income." C.D.L. v. M.M.L., 72 Mass. App. Ct. 146, 152 (2008), quoting Heins v. Ledis, 422 Mass. 477, 485 (1996). However, before attributing income a judge must first determine that the party is earning less than he or she is capable of earning through reasonable efforts. Flaherty v. Flaherty, 40 Mass. App. Ct. 289, 291 (1996). "Income may be attributed where a finding has been made that either parent is capable of working and is unemployed or underemployed." Massachusetts Child Support Guidelines § I.E (2017) (guidelines). See Fehrm-Cappuccino v. Cappuccino, 90 Mass. App. Ct. 525, 530 (2016).
The father claims that the judge should have credited the document from the mother's employer because it shows that the mother is a full-time fifty-two weeks per year employee, and therefore her income should be found to be $1,320 per week.[3] This argument is without merit, however, as we must defer to the judge's assessment of credibility and the weight of the evidence. See Care & Protection of Three Minors, 392 Mass. 704, 711 (1984). Here, the judge credited the mother's testimony that her employment was for the school year only and that she worked twenty-eight billable hours per week. To the extent the judge also appears to have implicitly credited the remainder of the mother's testimony regarding her employment, we will not disturb the judge's credibility determination "unless we are convinced [it is] plainly wrong." Zaleski v. Zaleski, 469 Mass. 230, 237 (2014), quoting Felton v. Felton, 383 Mass. 232, 239 (1981). Additionally, there was no finding that the mother was either unemployed or underemployed. Therefore, the judge did not abuse her discretion in not attributing income to the mother. See Emery v. Sturtevant, 91 Mass. App. Ct. 502, 511-512 (2017).
2. Child support. The father also claims that the judge abused her discretion by failing to consider that the mother's lifestyle had materially improved and the children's expenses had remained constant since the 2014 divorce, and in not properly calculating his support obligation based upon the parties' parenting plan. We disagree.
"In reviewing a modification judgment, we examine whether the factual and legal bases for the decision are in error, or whether the judge otherwise abused [her] discretion." Flor v. Flor, 92 Mass. App. Ct. 360, 363 (2017). "The method for calculating and modifying child support orders is governed by statute[, see G. L. c. 208, § 28,] and by the guidelines." Morales v. Morales, 464 Mass. 507, 509-510 (2013). "Although the guidelines have been subject to periodic revision since their enactment, an essential premise has remained constant: that child support should be calculated as a percentage of parental income." M.C. v. T.K., 463 Mass. 226, 232 (2012). "There is a 'rebuttable presumption that the amount of the order which would result from the application of the guidelines is the appropriate amount of child support to be ordered.' " P.F. v. Department of Revenue, 90 Mass. App. Ct. 707, 709 (2016), quoting G. L. c. 208, § 28.
The "inconsistency" standard for modification of a child support order requires that the order "be modified if there is an inconsistency between the amount of the existing order and the amount that would result from the application of the ... guidelines" (emphasis omitted). Morales, supra at 511, quoting G. L. c. 208, § 28. The father maintains that instead of the inconsistency standard, § II.C of the guidelines should have been applied here. That section states that "[t]he child support obligation for the portion of combined available income that exceeds $250,000 shall be at the discretion of the Court." As such, the father claims, the judge should have made a fact-based analysis regarding material changes, including the mother's improved lifestyle. We disagree.
As discussed above, the judge credited the mother's testimony regarding her income and employment, and did not find that the combined total available income of the parties exceeded $250,000. Therefore, the inconsistency standard applied to this modification action and not § II.C of the guidelines.
After determining that the mother's income was $657.46 per week and that the father's income was $3,846.15 per week, the judge, pursuant to the guidelines, calculated the father's child support order to be $758 per week. Accordingly, because the judge found that there was an inconsistency between the existing child support order of $600 per week and the amount that would result from application of the guidelines, the father's child support obligation was modified to $758 per week.[4]
The father further claims that the judge should have followed a "cross-guidelines" calculation pursuant to § II.D of the guidelines, which states:
"Where two parents expect to or do share equally, or approximately equally, the financial responsibility and parenting time for the children, the child support order shall be determined by calculating the guidelines worksheets twice, first with one parent as the recipient, and second with the other parent as the recipient. The difference in the calculations shall be paid to the parent with the lower weekly support amount."
The judge's rationale explains that "[w]hile Father's parenting time was expanded from the schedule established at the time of the divorce, the parties do not have equal or close to equal parenting time," which is required in order to calculate the guidelines' worksheet twice.[5] We discern no abuse of discretion in the calculation or modification of the father's child support obligation. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).[6]
Judgment of modification affirmed.

The father's appeal does not challenge any other portion of the judgment of modification.

The judge found the mother's income to be $657.46 per week, based on her finding that the mother is able to work twenty-eight billable hours per week for thirty-three weeks per year. The father also contends that his income should have been found to be $3,791 per week.

Due to the father's unreimbursed business expenses at the time of the divorce in 2014, the $600 per week child support order included a downward deviation of $25 per week based upon the agreement of the parties at that time.

In her rationale, the judge noted that on June 26, 2017, the parties entered into an agreement (Partial Judgment of Modification) that altered the father's parenting schedule with the children. "During the summer Father's parenting time is Wednesday through Friday each week and alternate weekends Friday to Sunday at 7:30 p.m. During the school year, Father's parenting time in one week is Wednesday overnight to Friday drop off at school and on the alternating week Wednesday for dinner, Thursday after school overnight until Friday drop off at school and alternate weekends Friday after school until Sunday at 7:30 p.m."

The mother's request for appellate attorney's fees is denied.