NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-643

ADAM B. SILVERMAN

vs.

SHANNON L. GABRIEL.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this paternity action, the plaintiff (father) appeals from an ex parte default judgment for child support entered on January 31, 2022, and from the denial of his Mass. R. Dom. Rel. P. 60 (b) motion to vacate that judgment. He makes two arguments on appeal. First, he contends that it was error to enter a default judgment because (a) he was not given notice that a final judgment could result from his nonappearance at the status conference, and (b) his counsel's failure to appear was due to illness. Second, he argues that, in light of the circumstances, the judge abused her discretion in denying his rule 60 (b) motion. Because we agree with the latter contention, we need not consider the first. We vacate the order denying the father's rule 60 (b) motion, and we instruct that the child support order entered on January 31, 2022, be changed

from a final judgment to a temporary order.  We also remand for further proceedings as to the amount of child support.

Background.  On December 5, 2017, the father filed a complaint for custody, support, and parenting time.  Thereafter, the parties, proceeding pro se, reached various agreements regarding temporary orders and modifications of those orders, none of which are at issue in this appeal.  On January 19, 2021, the mother filed a complaint for modification.  On September 8, 2021, an attorney entered an appearance for the mother, and nine days later filed a motion to amend the modification complaint.  At this time, the father was still proceeding pro se.  On September 30, 2021, the parties filed a partial agreement for judgment, leaving only the amount of child support to be determined.  Partial judgment entered that same day in accordance with the parties' agreement.

At the same time, the judge ordered that a pretrial conference would take place on the issue of child support on October 19, 2021, and that "financial statements and memos/calculations with analysis as to proposed orders" were to be filed.  At the October 19, 2021 conference, the mother's counsel and an attorney who had recently been retained by the father both represented that they needed additional financial information.  The judge stated at the conclusion of the October 19 conference that she would "give [the parties] a status date

in 90 days and then hopefully you both have the information you are each looking for relative to the finances and we can enter a judgment as to child support on that date."  A temporary order entered scheduling the matter for a Zoom status conference on Monday, January 31, 2022, at 9 A.M.

On Friday, January 28, 2022, the mother filed a status memorandum, a financial statement, and a child support guidelines worksheet.  The father did not make the required filings.

At 8:30 A.M. on the day of the Zoom conference (January 31, 2022), the father's counsel informed a first-year associate in his office that he would be unable to attend because he was extremely ill with a virus that had affected his entire family.  The associate, who was unfamiliar with this case, felt that there was not enough time for her to prepare sufficiently to appear herself at the status conference, especially as a newly minted attorney.  Accordingly, ten minutes later, she called the mother's counsel to inform her of the situation and stated the need to continue the conference.  The mother's counsel does not dispute the call, but disputes that she agreed to the continuance.  In an affidavit submitted in connection with the rule 60 (b) motion, the new associate averred that the mother's counsel agreed to a continuance, assured her that she would inform the court, and that there was no need for the associate

3

to draft an assented-to motion for continuance. We need not resolve the conflicts between these two accounts; but we do note that one version was submitted under the pains and penalties of perjury and that the other was not. In addition, the associate's averments were corroborated by a contemporaneous confirmatory text message from the associate to the father's counsel.

At the Zoom status conference, the mother's counsel told the judge that the associate had called twenty minutes earlier to tell her that the father's counsel was sick and unable to attend the conference. She then stated:

> "Now, Your Honor, I do just want to mention that I understand if you're sick, you're sick, and things happen and things come up, but I do just want to say too that, you know, this has been continued because the defendant hasn't produced financial documents and we weren't able to enter a judgment, and it just feels a little planned that we didn't -- again, we're supposed to enter a judgment today, we didn't receive any of the documents and then 20 minutes before the hearing they aren't able to make it, so I do want to put on the record that, you know, it's frustrating on that end, and I did receive a call regarding him being sick, but that's where we stand."

The mother's counsel then asked either that her proposed judgment for child support be entered, or that the judge put a temporary order in place. The judge decided to enter a final judgment, stating, "you know, if it's an issue, counsel can try and vacate it, but I'm going to enter it as a judgment, because that was the sole remaining issue in this case." As foreseen,

4

the father's counsel filed a motion to vacate the day after receiving the judgment.  That motion was, as we have already noted, supported by a detailed affidavit from his associate that explained why the father's counsel had been unable to attend the January 31, 2022 conference.

Discussion.  We observe at the outset that both attorneys should have done things differently.  Had they done so, it may well have avoided extra proceedings and expense for their clients, conserved judicial resources, and -- most importantly -- enhanced the judge's understanding of the situation and her ability to make an informed decision.  In particular, the father's counsel should have timely filed the required financial materials, disclosures, and calculations, or, if he was unable to do so, filed an explanation as to why he could not.  He should also have informed the court, either telephonically or, better yet, in writing, that he would not be able to appear for the conference due to illness, and he should have requested a continuance in writing.  Even recognizing that the timing was tight given that the conference was scheduled for 9 A.M. on a Monday, it was not too short to attempt to contact the registrar's office, or to have someone dial in to the Zoom for the simple purpose of informing the court of the situation. At the same time, we cannot condone the mother's counsel's failure to extend a customary courtesy of agreeing to a

5

continuance in the face of opposing counsel's illness.  In addition, the mother's counsel's statement to the judge that the previous continuance was due to the father's failure to produce all financial information was less than accurate, where information was needed from both sides.  And the mother's counsel should have exercised more caution before suggesting to the judge that the father's counsel's illness was strategic or feigned.  Accuracy in this context is especially important because the judge -- unlike this panel on appeal -- did not have the benefit of the transcript of the earlier conference, and she could not possibly be expected to remember the details three months after they had occurred.  The judge was entirely dependent on the accuracy and fairness of counsel's report.  While we do not mean to suggest that either counsel's performance fell below the standard of practice, both counsel's missteps factor into our assessment of whether the judge abused her discretion in denying the father's rule 60 (b) motion to vacate the child support judgment.

"A motion for relief under rule 60 (b) is directed to the sound discretion of the motion judge, and we review the judge's ruling for abuse of discretion."  Dilanian v. Dilanian, 94 Mass. App. Ct. 505, 515 (2018), quoting Ulin v. Polansky, 83 Mass. App. Ct. 303, 308 (2013).  See, e.g., Atlanticare Med. Ctr. v. Division of Med. Assistance, 485 Mass. 233, 247 (2020)

("[D]enial of a motion under Rule 60 (b) will be set aside only on a clear showing of an abuse of discretion" [citation omitted]).  Massachusetts Rule of Domestic Relations Procedure 60 (b), which is identical to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), allows parties to seek relief from final judgments under a set of outlined circumstances.  Unlike subsections 60 (b) (1) through 60 (b) (5), rule 60 (b) (6), under which the father moved for relief, allows parties to seek relief for "any other reason justifying relief from the operation of the judgment."  "[R]elief from judgment may not be granted under rule 60 (b) (6), when the reason relied on can be construed to fit within one of the specific categories enumerated in rule 60 (b) (1)-(5)."  Anderson v. Anderson, 407 Mass. 251, 257 (1990). See Bromfield v. Commonwealth, 400 Mass. 254, 256 (1987).

Here, given the detailed averments of the associate's affidavit, the absence of a countervailing statement submitted under the pains and penalties of perjury, our careful review of the transcripts of the October 19, 2021 and January 31, 2022 conferences, and the fact that final judgment was entered after an ex parte hearing where the father's lawyer was absent due to illness, we conclude that the judge should have allowed the

7

motion to vacate the judgment to the extent it was entered as a final judgment rather than a temporary support order.[1]

For these reasons, we vacate the order denying the motion for relief from judgment, with the instruction that the child support order of January 31, 2022, be entered nunc pro tunc as a temporary support order, rather than a final judgment. The case is remanded for further proceedings to determine the issue of child support. We caution the father to keep in mind the importance of full and timely submission of all required financial information.[2]

So ordered.

By the Court (Wolohojian, Englander & D'Angelo, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered: February 14, 2023.

---

[1] At oral argument, the father's counsel conceded that the judge would not have erred had she entered the support order as a temporary order rather than a final judgment. The father also does not argue that the judge abused her discretion in not imposing sanctions. To the extent the father argues that sanctions should be imposed on appeal, that request is denied.
[2] The mother's request for fees and costs on appeal is denied.
[3] The panelists are listed in order of seniority.